GLADNEY, Judge.
The issues in this case, primarily of a factual nature, were adjudicated on a former occasion (194 So.2d 176) with the exception of one matter, and subject to the guidelines therein set forth, the case was remanded to determine whether some or all of the demands made against Allen West in the suit styled “L. Allen West v. Maurice Glazer, et al” should be held to be the property of Maurice Glazer individually or of Glazer & Donald or of Glazer, Donald & Kitchens. In the order remanding the case permission was granted to either side to submit evidence as would show the proprietorship of these demands.
When the matter was again before the trial court the following stipulations were entered into:
“It is stipulated by agreement of counsel in this matter that with respect to the demands for accountant’s fees set forth *5 in the suit of L. Allen West versus number 69938 Maurice Glazer, et al on the docket of this Court that of the work for which those fees are demanded 10% was performed prior to October 1, 1961, 60% was performed between October 1, 1961 and December 31, 1962 and 30% was performed between January 1, 1963 and June 30, 1964. Further that the total work was completed prior to June 30, 1964 and was subject to being billed at that time for whatever amount might be due.”
A hearing was had then on a rule to show cause why the liquidator should not be ordered to proceed and why claims asserted in the L. Allen West suit should not be declared an asset of the partnership. The court rendered a judgment on the rule, decreeing :
“ * * * that Ten Percent (10%) of the fee claimed in the suit of ‘L. Allen West Vs. No. 69,938 Maurice Glazer, Et Al’ on the docket of this Court be declared to belong to Maurice Glazer, individually, and that the remainder of the fee belongs to the Partnership which is being liquidated.”
This appeal is concerned solely with the validity of that decree.
Among the determinations made in our prior decision were: That all of the accounts, including work in process generated by the Monroe office of Barton, Pilie, Hughes & Jones prior to October 1, 1961 should become the individual property of Maurice Glazer; that upon the withdrawal of Glazer ánd Donald from the New Orleans firm, the partnership of Maurice Glazer and Sam Donald, Jr., reverted to a cash basis system with respect to the firm accounts, under which system the accounts wherein work was in process and for which a fee was not yet earned were not considered an asset or property of the partnership; this practice was followed in the Glazer and Donald association before and after membership in the New Orleans firm, and the cash basis system was in force when Donald and Kitchens withdrew from Maurice Glazer & Company. Consistent with findings in that decision, we concluded that the partnership firm of Glazer, Donald & Kitchens was handled on a cash basis system in which the accounts receivable were not considered as income or an asset until collected. It must, therefore, be our ruling that the partnership of Glazer, Donald & Kitchens had no proprietary interests in the accounts, including those involved in the Allen West case, which were uncollected as of June 30, 1964.
The judgment from which appealed is reversed and set aside, and it is adjudged that the accounts comprising the demands made by the defendants in the suit L. Allen West v. Maurice Glazer, Et Al belong to Maurice Glazer, individually.
Costs of this appeal are taxed against ap-pellees herein.