CHASEZ, Judge.
This is a suit involving the rights to garnisheed funds as between two alleged lien holders under R.S. 9:4861 et seq. and plaintiff in rule. Frank’s Casing Crew & Rental Tools, Inc. (referred to as Frank’s) has instituted this suit alleging that it should be paid by priority and preference over the alleged lien holders W. C. Fatjo, Inc. and Republic Supply Company (referred to as Fatjo & Republic respectively). The funds in question represent the purchase price of gas produced from Carthay-Ellis-Joffrión Well No. 1 owed by Sugar Bowl Gas Corp. to Carthay Land Co. owner of the well. These funds possessed by Sugar Bowl Gas Corp. were garnisheed by Frank’s and are now deposited with the Civil Sheriff for the Parish of Orleans. The question before the court in the rule to show cause was whether W. C. Fatjo and Republic or either of them have a privilege on the garnisheed funds which would take preference over the claim of Frank’s. Judgment was rendered in favor of the defendants in rule, Fatjo and Republic, recognizing and maintaining their liens and granting them their preference over the plaintiff. From this judgment plaintiff has instituted the present appeal.
The factual background of this suit developed as follows: Frank’s obtained a judgment in the District Court for the Parish of Terrebonne against Carthay Land Company, a nonresident partnership who had drilled the gas well, and its individual partners, Nicholas G. Snyder, Marvin Goodson and William E. Hannam. The judgment was in the amount of $2,970.91 together with interest and costs from February 28, 1967 until paid. The judgment also maintained the plaintiff’s writ of attachment on the lease and the production from Carthay Land Company gas well and the income inuring to the working interest therein. On the basis of this judgment, Frank’s filed a petition in Orleans Parish to make the Terrebonne judgment execu-tory and to garnishee the funds possessed by Sugar Bowl Gas Corp. purchaser of the gas from the well in question. As garnishee, Sugar Bowl Gas Corp. answered interrogatories stating that it had been notified of liens claimed by Fatjo and Republic which were filed and recorded in Terre-bonne Parish prior to those of Frank’s, and it later deposited the sum of $8,600.52 with the Civil Sheriff upon order of the court. It is this sum which plaintiff in rule attempts to garnishee alleging that the liens of both Fatjo and Republic have lapsed.
It was also revealed that if Frank’s is to prevail in this suit, it would only be entitled to some 35% of the funds as Houston National Bank has intervened with a mortgage on 65% of the funds which admittedly would prime the claim of Frank’s. However, the question of whether this mortgage *163 would prime the privileges claimed by Fat-jo and Republic was not before the Court.
The question on appeal is restricted to whether the liens filed by Fatjo and Republic have been preserved as required by statute. Particularly important to the plaintiff is whether its claim should prevail over the two other creditors (one being reduced to judgment) involved in separate actions against the Carthay Land Company, because they failed to pray for and secure a Writ of Sequestration against the proceeds of the production inuring to the working interest. As stated earlier there is no doubt that the liens were filed timely and further that suits were filed within the one year allowed by law. The primary contention of the plaintiff is that the personal action which was used to preserve the lien is not the method prescribed by law.
The privilege under which the several claimants base their suits is contained in LSA-R.S. 9:4861 quoted in pertinent part below:
“§ 4861. Privilege for labor, services or supplies.
“Any person who performs any labor or service in drilling or in connection with the drilling of any well or wells in search of oil, gas or water, or who performs any labor or service in the operation or in connection with the operation of any oil, gas or water well or wells, has a privilege on all oil or gas produced from the well or wells, and the proceeds thereof inuring to the working interest therein, and on the oil, gas or water well or wells and the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks, and other structures thereto attached or located on the lease, for the amount due for labor or service, in principal and interest, and for the cost of preparing and recording the privilege, as well as ten per cent attorney’s fees in the event-it becomes necessary to employ an attorney to enforce collection.

“This privilege is second in rank only to the privilege granted in favor of laborers.”
The privilege found in R.S. 9:4861 has a prescriptive period of one year as provided by R.S. 9:4865.
“§ 4865. Effective period
“Unless interrupted by suit thereon, the privilege shall prescribe and become ineffective one year from the date of recordation.”
The enforcement of the privilege may be effected by writ of sequestration without having to furnish security by R.S. 9:4866.
“§ 4866. Enforcement of privilege
“Any creditor whose claim is secured by the privilege granted under R.S. 9:4861 may enforce his privilege by the writ of sequestration, without the necessity of furnishing security therefor, by swearing to the amount due him. As amended Acts 1960. No. 31, § 1.”
It is upon § 4866 that plaintiff bases this suit. His primary contention is that since statutes creating privileges and liens are uniformly construed stricti-juris. by the courts of this state, that the permissive language of § 4866 must be considered mandatory, and is, therefore, the only method by which the creditor may preserve his lien. He further asserts that án action in rem only is allowed and the personal action should fail to extend the privilege protected by the lien.
Although plaintiff’s claim is very well pleaded, we fail to see where the statutes require a creditor to seek a writ of sequestration as the only means of preserving the lien provided for in R.S. 9:4861. § 4865 effects a prescriptive period of one year “(u)nless interrupted by suit thereon. * * * ” Thej-g can he no doubt that the *164 intendment of this section includes a personal action against the debtor to whose property the lien attaches. And although § 4866 allows the creditor the choice of enforcing his lien by means of a Writ of Sequestration, we cannot construe the language of this section as a legislative mandate to the effect that Sequestration is the only remedy available. Indeed, the purpose of § 4866 is to allow a Writ of Sequestration “without the necessity of furnishing security therefor * *
§ 4866 was amended by Act No. 31 § 1 of 1960 in which the Louisiana Law Institute sponsored several changes to the ancillaries of the Civil Code. Along with § 4866, four other statutes were amended to the effect that one could preserve his privilege by Writ of Sequestration without furnishing security.[1]
Plaintiff relies on several cases which state that the laborer’s and materialmen’s privilege against oil well equipment shall only be enforced, in rem, but the reason the personal actions failed in those instances depended on the court’s lack of personal jurisdiction over the defendant. The cases to which we have specific reference are discussed as follows:
As styled by the Supreme Court the question in Rhodes v. Chrysanthou, 191 La. 774, 186 So. 333, was “whether one who has a claim for labor performed or for services rendered, or for material furnished, in the drilling of a well, is entitled under Act No. 145 of 1934[2] to have a personal judgment rendered against the debtor in the parish in which the well is located, or is entitled only to enforce his lien by a proceeding in rem, in that parish, if the debtor has his domicile elsewhere.”
The court did not allow a personal judgment by default to be rendered in that case, because the plaintiff only provisionally seized the property and the defendants were domiciled beyond the territorial* jurisdiction of the court in which the suit was tried. The court also referred to Young v. Reed, La.App., 157 So. 809, and Blankenship v. Stovall, La.App., 159 So. 477, both of which concerned a similar jurisdictional problem whether a personal judgment by default could be obtained when the domicile of the defendant was beyond the court’s jurisdiction and when the sole basis for the suit was an in rem proceeding on provisionally seized property. 'Clearly the problem in these suits is distinct from the present controversy, because there is no question of jurisdiction over the named defendants who have also joined issue.
In the case at bar there is no question of personal jurisdiction over either Carthay Land Company or Sugar Bowl Gas Corp., and, therefore, the reasoning applied in plaintiff’s cases is distinguishable from the response to the legal question herein • posed. We must reiterate, there is no statutory requirement limiting the creditors in this case to an in rem proceeding. The cases relied on by plaintiff are clearly distinguishable on a jurisdictional basis. All that is required to interrupt prescription on the privilege allowed by R.S. 9:4861 is the filing of suit as provided in R.S. 9:4865.
A permissible remedy is Sequestration without having to furnish security (as provided in R.S. 9:4866), but there is no way that we can construe this as the sole remedy allowed. Therefore, the creditors, W. C. Fatjo, Inc. and Republic Supply Company have preserved their liens by virtue of LSA-R.S. 9:4865.
For the foregoing reasons the judgment of the court a qua is affirmed.
All costs of the appeal to be borne by appellant.
Affirmed.

. The other Amended Sections of Title 9 of Revised Statutes are: 4501, 4502, 4601, and 4721.

. An earlier act which created a similar lien as in R.S. 9:4861.