220 So.2d 84

Sam DONALD, Jr., et al.

v.

Maurice GLAZER.

No. 49178.

Feb. 24, 1969.

Rehearings Denied March 31, 1969.

Haynes L. Harkey, Jr., Hayes, Harkey & Smith, Monroe, for plaintiffs-applicants.

McHenry, Snellings, Breard, Sartor & Shafto, by George M. Snellings, Jr., Monroe, for respondent.

SANDERS, Justice.

This suit arose from the dissolution of a partnership of certified public accountants.

It raises a technical question concerning the allocation of the accounts receivable among the partners.

On January 1, 1963, Maurice Glazer, Sam Donald, Jr., and William R. Kitchens formed an ordinary partnership for the practice of accounting under the firm name of "Maurice Glazer and Company." The partnership agreement was verbal. The new partnership acquired all the assets of a former partnership composed only of Maurice Glazer and Sam Donald, Jr., which had been operating since October 1, 1961. On June 30, 1964, Donald and Kitchens voluntarily withdrew from the firm. After they failed to reach a settlement of the partnership affairs with Glazer, they brought the present suit for liquidation of the partnership.

The trial judge appointed H. M. Bell, a certified public accountant, to audit the affairs of the partnership and prepare an accounting for liquidation purposes. After the court-ordered audit had been filed, Glazer engaged John Luffey, another certified public accountant, to make an independent audit.

At the trial, the parties contested several matters, including the ownership of the accounts receivable, that is, debts owed to the partnership for accounting services. The district court rendered judgment declaring the former partners entitled to share in the partnership assets in the following proportions: Glazer, 70%; Donald, 20%; Kitchens, 10%. The court decreed the accounts receivable, including the fees involved in a pending suit against L. Allen West, to be partnership assets. The court appointed a liquidator to settle the affairs of the partnership in accordance with its decree.

Maurice Glazer and Maurice Glazer and Company appealed from the judgment. The Court of Appeal overruled the motion of Donald and Kitchens to dismiss the appeal as premature. On the merits, the court modified the judgment in several respects. As to the accounts receivable, the court held:

"The interests of Donald and Kitchens, therefore, may be recognized only as to partnership accounts receivable in which the work has been completed prior to June 30, 1964. They have no proprietary interest in partnership accounts on which work was in process but for which billing was premature."

The Court of Appeal affirmed the district court judgment, as amended, but remanded the case as to the West fees only for the purpose of receiving evidence as to whether they accrued before or during the partnership. La.App., 194 So.2d 176. Thereafter, this Court denied the application of Donald and Kitchens for a writ of review in the following Per Curiam, 250 La. 467, 196 So.2d 533:

"Writ refused. The Court of Appeal did not err in holding that the appeal was not premature. All other errors assigned involve solely questions of fact."

Following the remand, the parties entered into the following stipulation concerning the West fees:

"It is stipulated by agreement of counsel in this matter that with respect to the demands for accountant's fees set forth in the suit of L. Allen West versus number 69938 Maurice Glazer, et al on the docket of this Court that of the work for which those fees are demanded 10% was performed prior to October 1, 1961, 60% was performed between October 1, 1961 and December 31, 1962 and 30% was performed between January 1, 1963 and June 30, 1964. Further that the total work was completed prior to June 30, 1964 and was subject to being billed at that time for whatever amount might be due."

The district court held that Glazer was entitled to 10% of the West fees and the partnership, composed of Glazer, Donald, and Kitchens, was entitled to the remaining 90%. Maurice Glazer and Maurice Glazer and Company again appealed. Finding that the partnership's books were maintained on a cash basis, rather than an accrual basis, the Court of Appeal reversed the judgment, holding that the partnership had no interest in the accounts receivable uncollected on the date of partnership dissolution and that

the West fees were assets of Maurice Glazer, individually. La.App., 208 So.2d 4. On Application of Donald and Kitchens, we granted certiorari to review the Court of Appeal judgment. 252 La. 120, 209 So.2d 43.

The Court of Appeal held, in effect, that when this personal service partnership operating on a cash basis was dissolved, with no special agreement governing liquidation, the withdrawing partners lost their interests in the uncollected accounts receivable owed to the partnership on the date of dissolution. In so holding, we think the Court of Appeal erred. We do not, however, reach the merits of this holding.

Article 2167 of the Louisiana Code of Civil Procedure provides in part:

"A judgment of a court of appeal becomes final and executory when the supreme court denies a timely application for a writ of certiorari in the case * * *."

Under the foregoing Article, when this Court denied a writ of certiorari, the earlier judgment of the Court of Appeal became final and executory. The holding that Donald and Kitchens had an interest in the partnership accounts receivable in which the work had been completed prior to June 30, 1964, became the law of the case.

On the second appeal, overlooking the procedural limitation to a consideration of

the West fees, the Court of Appeal receded from its earlier judgment and held that Donald and Kitchens had no interest in any of the accounts receivable, including the West fees, irrespective of when the work was performed and completed. This substantial deviation from the established law of the case requires us to reverse.

As to the West fees, the stipulation broke the accounting work into three segments: (1) 10% was performed before October 1, 1961, during a period in which the fees would admittedly accrue to Maurice Glazer; (2) 60% was performed between October 1, 1961, and December 31, 1963, during the existence of the earlier Glazer-Donald partnership; and (3) 30% was performed between January 1, 1963, and June 30, 1964, the date of dissolution. All work was completed before the dissolution of the partnership.

The partnership in liquidation acquired all the assets of the earlier Glazer-Donald partnership. Hence, the 60% segment of that partnership now belongs to the present partnership, raising its assets to a total of 90% of the fees. We therefore hold, as did the district court, that 90% of the West fees is an asset of Maurice Glazer and Company, the partnership composed of Glazer, Donald, and Kitchens.

In their brief, Donald and Kitchens seek to reopen an additional question relating to the distribution of income, decided adversely to them in the earlier judgment of the Court of Appeal. As we have observed, that judgment became final and executory when this Court denied a writ. The matters adjudicated there are not amenable to further review. La.Const. Art. 7, § 11; LSA–C.C.P. Art. 2167; Reiley v. Atlas Construction Company, 245 La. 595, 159 So.2d 688; Fidelity and Casualty Company of New York v. Clemmons, La.App., 198 So.2d 695, cert. denied 251 La. 27, 202 So.2d 649.

For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside; the judgment of the district court is reinstated and made the judgment of this Court. All costs of the present appeal are assessed against the partnership, Maurice Glazer and Company.