LeSUEUR, Judge.
The parties to this appeal each sought, in the Court below, to participate in the disbursement of an $8,600.52 fund garnished by both as creditors of Carthay Land Company.
Wm. C. Fatjo, Inc., a drilling contractor, holds a lien against Carthay arising from drilling operations. This lien was judicially recognized on March 14, 1966, concomitant with a money judgment against Car-thay in the amount of $72,949.56. By seizures completed prior to the garnishment of the fund at bar, Fatjo has realized some $26,574.65 on the judgment and lien.
Republic Supply Co. entered the picture much later. Its lien against Carthay was first recognized on June 30, 1967, and it was July 29, 1969, before it sought participation in the fund at bar.
*242 Actually, the $8,600.52 fund (proceeds from gas produced from a Carthay well) was seized three times — first by Frank’s Casing and Rental Tools, Inc., second by Fatjo and last by Republic. The garnishee, Sugar Bowl Gas Corp. has deposited the fund in the registry of the Court.
The trial Court dismissed Republic’s petition to participate in the fund, holding that in seising first Fatjo had, pursuant to L.S. A.-C.C.P. Art. 2292, secured a privilege superior in rank to the identical Republic lien. Republic has appealed.
Article 2292 of the Code of Civil Procedure reads as follows:
“The seizing creditor, by the mere act of seizure, acquires a, privilege on the property seized, which entitles him to a preference over ordinary creditors.
When several seizures of the same property are made by ordinary creditors, the seizing creditors acquire a privilege and are entitled to a preference among themselves according to the order of their seizures.”
By its express terms, this statute creates preferences by date of seizure among ordinary creditors.
Republic and Fatjo are not ordinary creditors. They hold liens of equal dignity pursuant to L.S.A.-R.S. 9:4861 (the Oil Well Lien Statute) and an earlier appeal to this court.
The principles governing liens protecting workers in construction or related fields (in this case, Oil Well laborers and materialmen) preclude orders' of preference created by a race to the Courthouse. In the first place, lien statutes grant equal protection to scores of .workers who perform their services at different times. Preference by order of seizure would automatically and unfairly favor those who work first.
In the second place, pro-rata division within the classes of lien holders recognized and created by the statutes is an implicitly established principle. Yet, it is physically impossible for all members of a protected class to seize at the same moment. If permitted, preference by seizure must therefore destroy the security of participation by class.
These considerations have long been enforced by the judiciary. In Crawford v. Soap, 14 La.App. 648, 130 So. 631 (2nd Cir. 1930), for example, the Court ruled:
“Another point raised by counsel for appellant is that plaintiffs (the laborers) were first to exercise the right granted by the act of putting their claims into judgment and having the property seized and sold. We find nothing in the act indicating that it was intended that those who proceed first shall have prior rights over the others. Under the act, the registry of the claim, within a certain time, creates the ‘lien and privilege upon the building,’ etc., and, once the claim is registered in accordance with the provisions of the act, it takes such rank as the act gives it, and that rank is preserved against the property. It is not the suit or seizure which confers the privilege or fixes its rank, but the registry of the claim in the office of the recorder of mortgages.”
Jamison v. Barelli, 20 La.Ann. 452 (1868) is also relevant. There, the Supreme Court observed:
“Materials are not all furnished on the same day, nor labor performed at the same time, yet the laborers and furnishers of materials, inter se, must share the fund pro rata. Hale v. Wills, 3 [La.] A[nn], 504; see also the case of Whitla v. Taylor, 6 [La.] A[nn], 480.”
See also Capital Bank and Trust Co. v. Broussard Paint and Wallpaper Co., La. App., 198 So.2d 204 (1st Cir. 1967), in which the court ruled:
The lien for material or labor attaches upon the initial furnishing of the material or labor with the consent of the *243 owner as provided in the applicable statute. Consequently when present lienors furnished the materials in question, their respective liens simultaneously arose. The lien afforded by the statute is but a single lien.”
These cases deal, it is true, with liens created pursuant to the construction contract statutes. The mechanics and language of the Oil Well Lien statutes are identical. More importantly, the policy considerations are the same in any case.
We hold, therefore, that Republic’s right to participate in the distribution of the seized fund is not diminished by reason of Fatjo’s earlier seizure. The appeal requires also that we determine the extent of that participation.
Republic’s claim to a pro-rata share in the fund is only an alternative. The principal demand is for the entire fund. This primary claim is predicated upon the principles of equality amongst lien holders of equal dignity which we have already discussed and upon the fact that Fat jo has already realized $26,574.65. If equality is to be preserved, the argument runs, Republic’s right to any fund which both Republic and Fat jo seize must be preferred until it has received an equal percentage on the total amount due.
Much can be said for such an argument. Yet, we must recognize the fact that, subject to certain exceptions which are not relevant to the case at hand, Louisiana privileges attach primarily to a specific thing or fund. Here, both liens in question attach with equal dignity to the specific fund under seizure and must be adjudicated within this frame of reference. The fund must therefore, be distributed in the proportion or ratio of the balances due each at the time of this seizure.
For these reasons the judgment appealed is reversed insofar as it denied participation to Republic and it is now ordered, adjudged and decreed that the fund remaining in the hands of the Civil Sheriff for the
Parish of Orleans after payment of all costs be distributed in the proportion of 26.5257% to Fatjo and 73.4743% to Republic.
Reversed in part and rendered.