HEARD, Judge.
This is a devolutive appeal from a judgment permanently enjoining Gulf States Theatres, Inc., Greater Broadmoor Thea-tres, Inc., Joseph Gianforte, and their agents and employees from showing a motion picture entitled “The Stewardesses” at any and all locations in Caddo Parish, Louisiana.
The State of Louisiana and the Parish of Caddo obtained a temporary restraining order against the showing of this movie pursuant to LSA-R.S. 13:4711-13:4717. A rule to show cause why a final judgment of injunction should not be rendered issued at the same time as the restraining order. Evidence was taken at the hearing on the rule and judgment of permanent injunction was rendered.
Gulf States Theatres, Inc., et al are asserting in this court that the statute pursuant to which the injunction has issued is unconstitutional as applied to expression. They further assert that the statute is unconstitutional because the title is not indicative of its object. In addition to the attack on the constitutionality of the statute, Gulf States Theatres, Inc., et al assert that the movie is not obscene as that term is defined by the Supreme Court of the United States.

The Constitutionality of the Statute

In general, LSA-R.S. 13:4711 declares any structure in which assignation, prostitution, or obscenity is carried on to be a nuisance. LSA-R.S. 13:4712 provides the procedure for enjoining the nuisance. It reads as follows:
“Whenever a nuisance is carried on, conducted, continued or permitted or exists, as defined in R.S. 13:4711 through 13:4717, the district attorney in the name and on behalf of the parish and without the payment of any costs, the sheriff or *859 the parish governing authority through its parish attorney or other designated representative, in the name and on behalf of the parish and without the payment of any costs, any corporation or association formed in this state for the suppression of vice, and any citizen of the parish may maintain in a court of competent jurisdiction an action to enjoin and abate the nuisance perpetually. Such action may also seek to enjoin the lessee, sublessee or other occupant or inmate from carrying on or conducting the same anywhere within this state, and may seek to enjoin the owner or the officers of any corporation which is the owner or agent of the building, structure, land or other place in or upon which or in or upon any part of which the nuisance exists, from permitting the continued existence of the nuisance. Upon the presentation of the petition for injunction alleging that the nuisance exists, verified by the affidavits of at least two persons, or verified by the affidavit of the district attorney or other parish official hereinabove designated on information and belief, the judge, during term or in vacation, shall grant a temporary injunction without bond. Such temporary injunction shall have the effect also of restraining and enjoining the removal of any personal or other movable property on the premises, and shall issue a rule nisi, returnable in five days, and a hearing shall be had thereon and judgment rendered during term or in vacation. No action shall be brought under R.S. 13:4711 through 13:4717 by any one other than the district attorney or other parish official hereinabove designated until the applicant has obtained from the judge of any district court a certificate that in the opinion of the judge the applicant is acting in good faith and not for any improper purpose. An action for injunction filed by a citizen or citizens under the provisions of R.S. 13:4711 through 13:4717 shall not be dismissed except upon motion accompanied by the sworn statement made by petitioner and his attorney setting forth the reasons why the action should be dismissed. This motion shall be tried contradictorily with the district attorney or other parish official bringing the action and with all other parties plaintiff, if any, and if the court is of the opinion that the action ought not to be dismissed, the district attorney or other party or parties plaintiff, if any, shall prosecute it to judgment. If the action is not tried within thirty days from the return day, unless failure to try it was caused by circumstances beyond the control of the petitioner or petitioners and the time is extended by the court, the clerk of the court in which the action is pending shall give formal notice to the district attorney or other parish official bringing the action, who shall prosecute the action to judgment.”
Gulf States attacks this statutory procedure on numerous grounds. Firstly, they argue that it is unconstitutional for the reason that the trial judge presented with a verified petition for injunction has no discretion as to whether or not to issue a temporary injunction. We agree. It cannot be disputed that states may regulate the dissemination and exhibition of obscene material, for obscene material does not enjoy the protection of the First Amendment. But “ * * * a State is not free to adopt whatever procedures it pleases for dealing with obscenity * * * without regard to the possible consequences for constitutionally protected speech.” Marcus v. Search Warrants of Property at 104 East Tenth Street, Kansas City, Missouri, 367 U.S. 717, 81 S.Ct. 1708, 1716, 6 L.Ed.2d 1127 (1961). We are aware of the United States Supreme Court decision in Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957) upholding a New York injunction statute applying to obscenity. However, in that statute the judge presented with the complaint has discretion as to whether or not a temporary *860 restraining order will issue. As stated in Marcus, supra:
“ * * * the New York injunctive proceeding [in Kingsley Books] was initiated by a complaint filed with the court which charged that a particular named obscene publication had been displayed, and to which were annexed copies of the publication alleged to be obscene. The court, in restraining distribution pending final judicial determination of the claim, thus had the allegedly obscene material before it and could exercise an independent check on the judgment of the prosecuting authority at a point before any restraint took place.”
[81 S.Ct. 1708, 1718]
Under the Louisiana statute in question the judge can exercise no independent check on the judgment of the prosecuting authority. Rather than a judicial mind passing on the relative merits of the petition, the judicial hand is forced by the Legislature to sign a temporary restraining order. The state argues in this case that the judge in fact makes a probable cause determination of obscenity prior to signing the temporary restraining order. While this may be true, the fact that our judges act reasonably cannot rehabilitate a constitutionally defective statute. If there has ever been a term of art in our law, it is the word “shall”. It commands, and leaves no room for discretion. We hold, then, that a temporary restraining order forbidding the exhibition or publication of a form of expression issued pursuant to LSA-R.S. 13:4712 is defective and must be vacated.
Gulf States attacks the rule nisi procedure under this statute. They claim that it shifts the burden of proof from the state to the party to be enjoined. We feel that the United States Supreme Court has approved the rule to show cause method of bringing the issue of obscenity to a hearing. Kingsley Books, Inc. v. Brown, supra. But the burden of proof must remain with the state to show obscenity. Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 738, 739, 13 L.Ed.2d 649 (1965). Therefore, we believe that the rule nisi or rule to show cause cannot be used to shift the burden of proof, but is an appropriate method of setting a hearing on the issue.
 Gulf States argues that the statute does not provide a speedy trial, a guarantee of a prompt judicial decision, or an expedited appeal method, and therefore the statute is unconstitutional as applied to expression. We disagree that the statute does not provide a speedy hearing. The rule nisi is returnable in five days and we believe that this is a speedy hearing. We do think, however, that provision for a prompt judicial decision must be accorded to defendants who are to be enjoined from exhibiting a form of expression. As pointed out by the state in this case, the only guarantee of a judicial decision under LSA-R.S. 13:4711-13:4717 is found in LSA-R.S. 13:4207 which states that “[t]he district judges * * * shall render judgments in all cases taken under advisement by them, within thirty days from the time the cases are submitted for their decision.” In the obscenity injunction statute upheld in Kingsley Books, it is provided that “[t]he person, firm or corporation sought to be enjoined shall be entitled to a trial of the issues within one day after joinder of issue and a decision shall be rendered by the court within two days of the conclusion of the trial.” New York Code of Criminal Procedure § 22a (2), reprinted in Kingsley Books, Inc. v. Brown, supra. See also Freedman v. Maryland, 85 S.Ct. 734, 738, 739. Thus, in addition to the previous defect mentioned, we feel that LSA-R.S. 13:4712 is unconstitutional as applied to expression because it contains no guarantee of a prompt judicial decision.
We are not convinced that an expedited appeal method is necessary for a constitutional statute. There appears to be no *861 such method in the New York statute above, and we are not prepared to say that this is an absolute requirement.
In summary, the state may enjoin obscenity. However, the line between protected and unprotected expression is not a clear-cut one, and for this reason the state must surround its injunction procedures with certain safeguards. The first of these is the necessity for a member of the judiciary having discretion in whether or not a temporary restraining order is proper. Where hard-core pornography is suspected, the judge may feel the need for immediate action. Where the line is not clear, the judge may wish to withhold action until an adversary hearing is held. At any rate, discretion in the judge is necessary to guard expression which may be protected by the First Amendment. The second safeguard is a prompt adversary hearing with the state assuming the burden of proof on the issue of obscenity. The third safeguard is a prompt judicial decision. We might add that it would be well to include an expedited appeal method in connection with enjoining expression. As stated earlier, LSA-R.S. 13:4712 does not contain two of these safeguards. We hold that this deficiency renders the statute unconstitutional as applied to expression, and it can no longer form the basis for a temporary restraining order or permanent injunction against the exhibition or publication of suspected obscenity.
In view of our holding that the statute is unconstitutional there is no need to rule on the merits of the case.
Therefore, the judgment permanently enjoining Gulf States Theatres of Louisiana, Inc., Greater Broadmoor Theatres, Inc., Joe Gianforte and all of their agents, representatives, employees, assigns and all persons acting in concert with them from showing any version of the motion picture entitled “The Stewardesses” at any and all locations within Caddo Parish, Louisiana, is reversed, the injunction is recalled and set aside, and plaintiffs’ demands are rejected. Costs, such as are legally assessable against them, are taxed against appel-lees, the State of Louisiana and the Parish of Caddo.