255 So.2d 876 (1971)
SOCIETY TO OPPOSE PORNOGRAPHY, INC.
v.
Michael THEVIS, Robert Di Bernardo et al.
No. 5048.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1971.
Rehearing Denied January 3, 1972.
Writ Refused February 11, 1972.
*878 Michael Silvers, New Orleans, for relator.
Donald DeBoisblanc, New Orleans, for respondents.
Before SAMUEL, REDMANN and LEMMON, JJ.
REDMANN, Judge.
Relators, the owners and the lesseeoperator of a motion picture theater, in this proceeding under LSA-R.S. 13:4711-4717, were adjudged to be maintaining a public nuisance of obscenity, the theater was ordered padlocked for a year, and relators were perpetually enjoined from "carrying on or permitting the practice of obscenity." Motion for suspensive appeal was denied.
Because R.S. 13:4712, the key section, had been declared unconstitutional in State v. Gulf States Theatres, 255 So.2d 857 (La.App.1971), appl. for reh. pending, we granted certiorari, with Samuel, J., dissenting.
We uphold the constitutionality of the statute as applied in this case, with one exception hereafter noted.

*879 Constitutionality

R.S. 13:4711 and 4712 are reproduced below.[1] Relators summarize their constitutional attacks thus:
(1) The petition and affidavits which support the action can be filed "on information and belief" and the Judge only has to satisfy himself that the application is "in good faith and and not for any improper purpose". There is no requirement "that probable cause" be shown.
(2) The District Judge is required, under such circumstances, to grant a temporary injunction without bond restraining the removal of any property from the premises.
(3) The issuing of the rule nisi has the effect of placing the burden of proof on the defendant rather than the plaintiff.
(4) The statute does not require that a judgment be rendered within a specified brief, reasonable period of time.
(5) The statute does not provide for an expedited and effective appeal from the judgment.
(6) Evidence of the general reputation of the building or persons in and of itself, can be used to sustain a judgment.
Much of the attack relies for its effectiveness on the patent invalidity (as held by Gulf States, supra) of the legislative requirement *880 that the trial court "shall" issue a "temporary injunction" on presentation of an authorized petition, thus abandoning the judicial function of determining (at least preliminarily) whether obscenity is present. We do not disagree with Gulf States' holding "that a temporary restraining order * * * issued pursuant to LSA-R.S. 13:4712 is defective and must be vacated."
But here no such temporary restraint was issued. The trial judge declined to issue such an order, instead signing only a rule. The injunction was issued only after the rule had been heard. Accordingly we consider the statute's unconstitutionality in this particular of no moment in this case. The provisions of the statute are declared separable, Acts 1968, No. 362, § 4, and we find no obstacle to separability.
Relators' point (1) only has significance in a case where the "temporary injunction" of § 4712 is to be issued. Except in such a case, the only determination, based on petitioner's information and good faith, is that the rule may be filed. This statutory provision thus (once the "temporary injunction" provision is stricken), instead of harming, may protect against a petition filed in bad faith or for improper purpose.
Item (2) is above discussed, and is not here present.
Item (3) was adequately treated by Gulf States. We agree with the Second Circuit's reasoning that, despite the rule's "show cause" language, the burden of proof must remain with the complainant, Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965), and thus the rule to show cause is not an objectionable means for initiating the obscenity hearing, Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957).
Item (4) is also of merit only in the context of the ex parte prior restraint. Our views differ, in expression at least, from Gulf States on this point. Only where one has been ex parte deprived of a right does the entitlement to speedy hearing and determination arise, as in United States v. Thirty-Seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971), and Blount v. Rizzi, 400 U.S. 410, 91 S.Ct. 423, 27 L.Ed.2d 498 (1971). In our case, however, relators were not prevented from operating until after the judicial decision made upon contradictory hearing. Thus (once the "temporary injunction" provision is stricken) we find no unconstitutionality in R.S. 13:4712 due to failure to require speedy judicial determination. We believe Gulf States' expression of unconstitutionality on this ground must be understood in the context of the ex parte prior restraint there present.
Item (5), lack of requirement of prompt appellate decision, was viewed by Gulf States as not rendering R.S. 13:4712 invalid. We agree, further noting from United States v. Thirty-Seven Photographs, supra, that the "prompt final judicial decision" requirement of Freedman (relied on by relators) was there held met by proceedings where district court "decision on the obscenity of Luros' materials might well have been forthcoming within 60 days had petitioner not challenged the validity of the statute and caused a three-judge court to be convened."[2] 91 S.Ct. at 1407. It appears to us that the requirements of speedy judicial action are stated in a context of previous restraint, such as in customs seizure, as in Thirty-Seven Photographs, or (prior) censorship, as in Freedman.
Kingsley Books v. Brown, supra, 354 U.S. at 444, 77 S.Ct. 1325, noted that freedom of expression is not less restricted by criminal conviction (as in Roth v. United States [Alberts v. State of California], 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957)) than by injunctive remedy. We are unaware of any concept that a criminal *881 obscenity statute is invalid if it does not specify time for appellate review. We conclude that the Louisiana injunction statute does not infringe upon freedom of expression by failing to declare a specified brief time for appellate review of the initial judicial determination.
Furthermore, as did the court in Thirty-Seven Photographs for a federal statute, we would be obliged to save a Louisiana statute from an unconstitutional construction by construing it, in a freedom of expression context, to impliedly require speedy review, to be consistent with Louisiana's Constitution's flat prohibition of laws "to curtail or restrain the liberty of speech or of the press," art. 1 § 3,[3] and its requirement that "All courts shall be open, and every person for injury done him in his rights * * * shall have adequate remedy * * * and justice administered without * * * unreasonable delay," art. 1 § 6.
Item (6), complaining that R.S. 13:-4717 authorizes judgment based on evidence of reputation alone, is a matter relators have no standing to assert. There was no such evidence here, much less reliance on it. Witnesses gave direct testimony of the films shown and some of the film was in evidence.
Relators also objected to the employment of the nuisance concept, citing Grove Press, Inc. v. City of Philadelphia, 418 F.2d 82 (3 Cir. 1969). We distinguish Grove in that here the statute specifically refers to the conduct enjoinable, and reliance is not had on the "public nuisance" traditional theory.
Nevertheless, insofar as the statute's injunction might deprive an unknowing and unparticipating owner of his property, especially property employed in expression, on a statutory declaration the owner simply as owner "shall be guilty of maintaining a nuisance, and shall be enjoined", it cannot meet the due process requirements of La.Const. art. 1 § 2, nor the prohibition against curtailment or restraint of freedom of speech and press of art. 1 § 3. And, as to federal constitutional protection, if the enjoining of future issues of a publication is impermissible, Near v. State of Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931) (note interpretation in Kingsley Books, supra, 354 U.S. at 445, 77 S.Ct. 1325), then enjoining complete use of the press and building is much more impermissible, for that results in no future issues of any publication, and not only the unprotected obscene. We view the provision for release of the building by bond, R.S. 13:4715, as not curative of an absolutely impermissible injunction.
We therefore conclude that we must modify the judgment to limit it to the statutorily-authorized injunction to prohibit the owners "from permitting the continued existence of the nuisance." R.S. 13:4712.
Finally, as in Kingsley Books, supra, 354 U.S. at 440, 77 S.Ct. 1325, we note that relators here do not assail the basic obscenity statute, R.S. 14:106, subd. A(2).[4] Nor do they allege error in the determination that the films, picturing nothing other than heterosexual and homosexual orgasminducing activities in often close-up detail, were obscene as defined.
Such obscenity remains prohibited by the lower court decree as modified by us. The only effect of our modification is that the owners will not have to post a bond to release the building under R.S. 13:4715, and thus will not face the possibility of forfeiting $100 a day under the bond for further obscenity. They will, however, *882 face the possibility of a fine of up to $1,000 or up to 12 months imprisonment or both, for contempt of court under R.S. 13:4611, subd. (A) (2), for any such further obscenity.
Accordingly we amend the judgment to delete the order closing and padlocking the owners' premises, and in all other respects we affirm the remainder of the trial court's judgment, including the order enjoining both the owners and lessee from permitting the continued existence of the statutory nuisance of obscenity. As thus amended, the judgment complained of is affirmed.
SAMUEL, Judge (dissenting).
I dissented from the granting of writs in this matter because, quite clearly in my opinion, the only relief sought by the application was a suspensive appeal which the trial court had denied (a devolutive appeal was granted) and relators were not entitled to a suspensive appeal on the showing made. This was expressed, as set forth here, in the dissent which was attached to the order granting writs.
The only language in the application pertinent to the question of the relief sought by relators is the prayer which seeks: (1) certiorari commanding the trial judge to send the original record to this court "for review of the judgment and rulings" of the trial court; and (2) an order directing the trial judge and the respondent to show cause in this court "why Suspensive Appeal should not be granted and that in due course and after hearing and review that Peremptory Writs of Mandamus issue herein commanding the said judge of the Civil District Court for the Parish of Orleans to grant the Suspensive Appeal in the cause of this matter."
The argument in support of the application is contained in an attached copy of the memorandum submitted to the trial court in support of relators' peremptory exception to the constitutionality of LSA-R.S. 13:4711-4717. No argument was contained therein except such as pertained to the question of constitutionality.
The writs were granted on December 6, 1971, and on that day made returnable December 13, 1971,[1] so that relators have had ample opportunity to present a prayer for any additional relief sought by them together with argument supporting their position.[2] Despite this fact relators have not filed a brief or anything else in connection with the submission of this case following the granting of writs; they now seek only the relief sought in their application for writs.
Thus, and again it appears to me quite clear, the sole issue now presented for our consideration is whether relators are entitled to a suspensive appeal. As I know of no constitutional or other requirement to the effect that they are so entitled, I would either recall the writs or affirm the judgment of the trial court.
Accordingly, I respectfully dissent.
NOTES
[1] § 4711 "Any building, structure, land, watercraft or movable in or upon which or any part of which assignation, prostitution or obscenity, as now defined or as may hereafter be defined by the criminal laws of this state, is carried on, conducted, continued or permitted or exists, and the furniture, fixtures, equipment and musical instruments, television receivers, phonograph or voice recording devices, written or printed compositions, books, magazines, newspapers, story papers, writings, phonograph records, pictures, drawings, motion picture films, figures or images therein and other contents thereof are declared to be nuisances and shall be enjoined and abated as provided in R.S. 13:4711 through R.S. 13:4717. The owner of any building, structure, land, watercraft or movable, and the officers of any corporation which is the owner, and the agent, representative and employee of any owner, and the lessee, sublessee or other occupants of any building, structure, land, watercraft or movable in or upon which, or any part of which, assignation, prostitution or obscenity, as now defined or as may hereafter be defined by the criminal laws of this state, is carried on, conducted, continued or permitted, or exists, shall be guilty of maintaining a nuisance, and shall be enjoined as provided in R.S. 13:4711 through R.S. 13:4717."

§ 4712 "Whenever a nuisance is carried on, conducted, continued or permitted or exists, as defined in R.S. 13:4711 through 13:4717, the district attorney in the name and on behalf of the parish and without the payment of any costs, the sheriff or the parish governing authority through its parish attorney or other designated representative, in the name and on behalf of the parish and without the payment of any costs, any corporation or association formed in this state for the suppression of vice, and any citizen of the parish may maintain in a court of competent jurisdiction an action to enjoin and abate the nuisance perpetually. Such action may also seek to enjoin the lessee, sublessee or other occupant or inmate from carrying on or conducting the same anywhere within this state, and may seek to enjoin the owner or the officers of any corporation which is the owner or agent of the building, structure, land or other place in or upon which or in or upon any part of which the nuisance exists, from permitting the continued existence of the nuisance. Upon the presentation of the petition for injunction alleging that the nuisance exists, verified by the affidavits of at least two persons, or verified by the affidavit of the district attorney or other parish official hereinabove designated on information and belief, the judge, during term or in vacation, shall grant a temporary injunction without bond. Such temporary injunction shall have the effect also of restraining and enjoining the removal of any personal or other movable property on the premises, and shall issue a rule nisi, returnable in five days, and a hearing shall be had thereon and judgment rendered during term or in vacation. No action shall be brought under R.S. 13:4711 through 13:4717 by any one other than the district attorney or other parish official hereinabove designated until the applicant has obtained from the judge of any district court a certificate that in the opinion of the judge the applicant is acting in good faith and not for any improper purpose. An action for injunction filed by a citizen or citizens under the provisions of R.S. 13:4711 through 13:4717 shall not be dismissed except upon motion accompanied by the sworn statement made by petitioner and his attorney setting forth the reasons why the action should be dismissed. This motion shall be tried contradictorily with the district attorney or other parish official bringing the action and with all other parties plaintiff, if any, and if the court is of the opinion that the action ought not to be dismissed, the district attorney or other party or parties plaintiff, if any, shall prosecute it to judgment. If the action is not tried within thirty days from the return day, unless failure to try it was caused by circumstances beyond the control of the petitioner or petitioners and the time is extended by the court, the clerk of the court in which the action is pending shall give formal notice to the district attorney or other parish official bringing the action, who shall prosecute the action to judgment."
[2] The Supreme Court's decision came a year and six months later, reenforcing the view that expedited appellate review is not sacramental.
[3] La.Const. art. 1, § 3; "No law shall ever be passed to curtail or restrain the liberty of speech or of the press; any person may speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty."
[4] "A. Obscenity is the intentional:

"(2) * * * exhibition * * * with the intent to primarily appeal to the prurient interest of the average person, of any lewd, lascivious, filthy or sexually indecent * * * motion picture film * * *."
[1] Under Rule XII, Sec. 3, Uniform Rules Courts of Appeal, when a writ has been granted "the case shall be assigned for submission on the return day fixed by the court on briefs to be filed with the clerk of court on or before the return day or, in the discretion of the court, assigned for oral argument and on briefs."
[2] Our rules require that the brief on behalf of an appellant or relator shall set forth, among other things, "the issues presented in the appeal." Rule IX, Sec. 3, Uniform Rules Courts of Appeal.