BOUTALL, Judge.
■This is an appeal from a judgment in favor of plaintiff, Society To Oppose Pornography, Inc., and against defendants Eros Cinema, Inc., Michael G. Thevis, and Robert Di Bernardo. The judgment decreed that the defendants are guilty of maintaining a public nuisance of obscenity and directs the closing and padlocking of the premises known as 941 Decatur Street, New Orleans, Louisiana, operated under the name of Eros Cinema, Inc., d/b/a Les Banque Cinema Fantastique.
The judgment further decreed that a writ of injunction be issued without bond, perpetually enjoining, prohibiting, and restraining defendants from maintaining or carrying on or permitting the practice of obscenity upon the premises at 941 Decatur Street, or elsewhere in the State of Louisiana. The judgment was rendered in accordance with the provisions of LSA-R.S. 13:4711 through 13:4717.
From this adverse judgment, the defendants sought an appeal to this court and requested the trial court to suspend the injunctions granted. The trial court refused to suspend the injunctions and granted a devolutive appeal. Thereupon the defendants applied to this court for Writs of Cer-tiorari, Prohibition and Mandamus. A *654 Writ of Certiorari was granted directing the record to be furnished us “ * * * to the end that the validity of the proceedings may be ascertained”. A full hearing was had on all issues in the case just as if a regular appeal had been granted. Society To Oppose Pornography, Inc. v. Thevis, 255 So.2d 876 (La.App. 4th Cir., 1971).
As is clearly shown in the decision of the court, together with the dissent, all of the issues raised in the case were decided therein. We quote the following pertinent language:
“Such obscenity remains prohibited by the lower court decree as modified by us. The only effect of our modification is that the owners will not have to post a bond to release the building under R.S. 13 :4715, and thus will not face the possibility of forfeiting $100 a day under the bond for further obscenity. They will, however, face the possibility of a fine of up to $1,000 or up to 12 months imprisonment or both, for contempt of court under R.S. 13:4611, subd. (A)(2), for any such further obscenity.
“Accordingly we amend the judgment to delete the order closing and padlocking the owner’s premises, and in all other respects we affirm the remainder of the trial court’s judgment, including the order enjoining, both the owners and lessee from permitting the continued existence of the statutory nuisance of obscenity. As thus amended, the judgment complained of is affirmed.”
Following this decision, rehearing was requested and application for Certiorari or Writ of Review was taken to the Supreme Court on February 11, 1972. This application was refused. Society To Oppose Pornography, Inc. v. Thevis, 260 La. 706, 257 So.2d 158 (1972).
Our judgment on the writ has now become final. Rule XII Section 9 of the Uniform Rules of The Courts of Appeal in and for the State of Louisiana states as follows:
“Section 9. After a remedial or supervisory writ is granted, the matter shall be decided and the judgment of the court shall become final and executory in the same manner and upon the expiration of the same delays as if the case had been decided on appeal.”
The rule is based in part on the case of Pelloat v. Greater New Orleans Expressway Commission, 175 So.2d 656 (La.App. 1st Cir., 1965), writ refused, 248 La. 122, 176 So.2d 452 (1965). In Pelloat the Court of Appeal had granted a writ of cer-tiorari and disposed of the matter following a hearing on a rule nisi. In refusing writs the Supreme Court stated:
“ * * * Since the Court of Appeal, after granting a writ of certiorari, disposed of the questions presented following a hearing on a rule nisi, its judgment thereon was a final adjudication. In view of this, applicants’ exclusive remedy for review by this Court was by cer-tiorari under Section II of Art. VII of the Constitution. (See also Art. 2167 C.C.P.). * * *”
We therefore conclude that there is no basis for this appeal in that there was a final adjudication of the issues in this appeal when this matter was taken up on certiora-ri and decided by this court.
In New Orleans Fire Fighters Association Local 632 v. City of New Orleans, 260 So.2d 779 (La.App. 4th Cir., 1972), writ granted, 262 La. 453, 263 So.2d 722 (1972), we stated the following:
“Since our prior decision has become final it is now the law of this case and we are not inclined to review it. Donald v. Glazer, 253 La. 811, 220 So.2d 84 (1969); Martinez v. Orleans Parish School Board, 173 La. 114, 136 So. 287 (1931); Thibodeaux v. Parks Equipment Co., 185 So.2d 232 (La.App. 1st Cir., 1965), writ refused, 249 La. 193 and 194, 186 So.2d 157 (two applications) and 249 La. 200, 186 So.2d 159 (third application).” (Emphasis supplied.)
*655 In affirming our decision the Louisiana Supreme Court stated as follows:
“The 1970 Court of Appeal decision in those cases affirmed the judgments of July 11, 1969 of the district court, and became final and executory upon the denial by this court (255 La. 557, 232 So.2d 78) of applications for writs of certiorari. C.C.P. 2167; Article 7, Section 11, Louisiana Constitution. * * * ”
See New Orleans Firefighters Association Local 632 v. City of New Orleans, 263 La. 649, 269 So.2d 194, 197 (1972).
For the reasons above, it is ordered that this appeal is dismissed at appellant’s costs.
Dismissed.