SAMUEL, Judge.
This is the third occasion this case has been before us. The other two occasions,[1] as does the instant matter, involved participation rights in the disbursement of funds originally due the owner of a gas well, later garnished and now or formerly in the hands of the Civil Sheriff for the Parish of Orleans.
The present litigants are Frank’s Casing Crew & Rental Tools, Inc. (hereinafter referred to as Frank’s), an ordinary creditor due to the fact that its lien was not filed timely, and William C. Fatjo, Inc. (hereinafter referred to as Fatjo), holder of a judicially recognized lien. The following facts are material to the present litigation:
On July 12, 1967 the trial court rendered judgment in favor of Fatjo and another litigant not now before the court (Republic Supply Company) maintaining their liens and ordering that the Civil Sheriff deliver to those two litigants that portion of the funds in the hands of the Civil Sheriff which inured to the working interest of the well as the same existed at the time the liens attached and less their proportionate share of attorneys’ fees and costs. The judgment further decreed and ordered that “the remaining portion of the funds in the hands of the Civil Sheriff ... be delivered to Frank’s Casing Crew & Rental Tools, Inc. in partial satisfaction of its seizure under the garnishment . . . ” less its proportionate share of attorneys’ fees and costs. The funds involved in the present matter are what remains of the total funds involved in the 1967 judgment after deduction of the portion thereof which inured to the working interest.
Frank’s appealed from the 1967 judgment and this court affirmed.[2] Subsequent to our appeal decree Frank’s filed another rule seeking to have the remaining one-sixth portion (the working interest being five-sixths) paid to it. Plaintiff’s petition alleges the funds should be disbursed as follows:
Deposit $8,600.52
Less: Paid to attorney for Sugar Bowl Gas Corporation: $300.00
Due Civil Sheriff $430.03 730.03
Balance: $7,870.49
Due W. C. Fatjo, Inc. and Republic Supply Company, jointly, Ve of $7,870.49: $6,558.74
Due Frank's Casing Crew & Rental Tools, Inc., Ve of $7,870.49: $1,311.75
Total: $7,870.49
After trial and a new trial, judgment was rendered on September 3, 1971 denying the rule and ordering the Civil Sheriff to pay to Fatjo the remaining funds in dis *896 pute. Frank’s has prosecuted this appeal from that j udgment.
The judgment here appealed from is based on these trial court conclusions: The original judgment in favor of Fatjo and against the owner of the well was one against immovables; therefore it takes priority according to the date of recordation; and since that original judgment was recorded prior to Frank’s judgment, Fatjo was entitled to the remaining portion of the funds. Thus it is clear that, insofar as the instant matter is concerned, the judgment here appealed from reverses the prior judgment of 1967. In the former, the 1971 judgment, the remaining funds are given to Fatjo while in the latter, the 1967 judgment, those same funds were given to Frank’s.
Frank’s had applied to the Supreme Court of Louisiana for writs from our opinion and decree in the case in which we affirmed the trial court judgment of 1967. The application was denied with the statement “The judgment complained of is correct.”[3] Thus the judgment of this court, and the 1967 judgment of the trial court, had become final prior to the filing of the rule and the rendition of the judgment involved in this appeal.[4] It follows that the rulings contained in the trial court judgment of 1967 became the law of this case and could not thereafter be changed.[5] Accordingly, Frank’s is entitled to the one-sixth not inuring to the working interest, i. e., the remaining funds, as decided by the 1967 judgment of the trial court.
We are informed by counsel that, as this appeal was devolutive and therefore did not suspend execution of the 1967 judgment, Fatjo has withdrawn the funds in suit. We will therefore render a judgment in favor of Frank’s and against Fatjo rather than order the sheriff to turn over to Frank’s money which he no longer has in his possession.
For the reasons assigned, the judgment appealed from is set aside, annulled and reversed, and it is now ordered that there be judgment in favor of plaintiff in rule, Frank’s Casing Crew & Rental Tools, Inc., and against defendant in rule, William C. Fatjo, Inc., in the full sum of $1,311.75; all costs of this appeal to be borne by William C. Fatjo, Inc.
Reversed and rendered.

. Reported at 212 So.2d 161 (1968) and 244 So.2d 241 (1971).

. This is the matter reported in 212 So.2d 161.

. 252 La. 889, 214 So.2d 716.

. LSA-C.C.P. Art. 2167. The application for writs was denied October 25, 1968 and the first rule involved in this appeal was filed February 11, 1970.

. Donald v. Glazer, 253 La. 811, 220 So.2d 84, and cases cited therein; see also New Orleans F. F. Ass’n. Loc. 632 v. City of New Orleans, 260 So.2d 779 (affirmed 263 La. 649, 269 So.2d 194) and cases cited therein.