LEMMON, Judge
(concurring).
This court is only bound by the authority of the holdings of higher courts. I do not believe that the holding in the Gulf States case rendered R.S. 13:4711-4717 unconstitutional in their entirety, as the entirety of those statutes was not before the court.[1]
Obscene expression is not protected by the First Amendment, and the states have a legitimate interest in regulating the exhibition of obscene materials. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Although obscenity has been defined in various terms, no decision of the *893 Supreme Court of the United States has ever classified hard core pornography as protected expression.
Under any definition pronounced in a long line of obscenity cases, the movies involved in this case are obscene. Although R.S. 14:106A(2), defining obscenity as a crime, has been declared vague and over-broad and therefore unconstitutional for purposes of criminal prosecution, State v. Shreveport News Agency, Inc., La., 287 So.2d 464 (1974), that definition can still serve as a basis for a civil obscenity suppression statute. Inasmuch as the Miller case reiterates that hard core pornography is not protected expression, I believe that the most recent holdings of the state and federal supreme courts do not prevent this court from affirming a civil suppression of hard core pornography under R.S. 13:4711-13:4717.
Nevertheless, the effectual closing to future legal uses of a building where obscenity has been exhibited in the past amounts to prior restraint of speech and expression and is violative of the state and federal constitutions. Just as it is constitutionally impermissible to prohibit future use of a printing press which had been used previously to print obscene literature [see Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931), as explained in Kingsley Books v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957)], a statute cannot constitutionally prohibit an owner’s legal use of his building in the future because of past use by a lessee for obscenity purposes, especially when the statute does not require and the complainant does not prove that the lessor had knowledge of or participated in that use. See also Society to Oppose Pornography, Inc. v. Thevis, 255 So.2d 876 (La.App. 4th Cir. 1971), cert. den. 260 La. 706, 257 So.2d 158 (1972).
I therefore concur in result with the majority decision, although I do not believe that result is compelled by the authority of the Gulf States holding, since the padlocking feature was not present in the Gulf States factual situation.

. For instance, the trial court in Gulf States had neither issued an injunction without hearing nor padlocked the premises.