BOUTALL, Judge
(concurring in result).
The same procedural issues which plagued this court on the prior appeal have returned: What effect or validity should be granted to the various judgments rendered because of failure to timely ask for new trial or appeal? That appeal was only an appeal from a judgment on a motion to return the money seized. The majority of the court felt that the issues now deemed to be determinative of the case were not before us directly at that time, the appeal time on both judgments had passed, and any judgment rendered in connection therewith would be outside the scope of the appeal. The matter is now before us on appeal from the merits.
As I see the problem now presented, there was a default judgment taken on August 10, 1972. After the time for appeal had elapsed, a writ of fieri facias and garnishment proceedings were had in which the judgment creditor seized and was paid the amount of his judgment from the defendant’s bank account. The garnishment judgment was rendered on March 5, 1973. It was not until August 10, 1973 that the defendant filed a motion for a new trial asking that the default judgment be “set aside and annulled”. Contradictory proceedings were held and on May 16, 1974 the motion for a new trial was granted and the default judgment was “rescinded, set aside and vacated”. As the majority in this appeal points out, the trial court had no authority to grant a new trial and the judgment is erroneous. C.C.P. Art. 1974; Rodrigue v. Ziifle, 288 So.2d 630 (La., 1974).
What causes the complications in this suit is that no appeal nor application for writs was taken from that erroneous judgment setting aside the default judgment, and it was not until a subsequent rule was had ordering the transfer of the money *547 from the judgment creditor back to the judgment debtor that an appeal was taken, and only on that particular point. Hence the question which presents itself is whether the original judgment of default should now be accorded validity since it became final and definitive or whether the judgment setting the default judgment aside, which also became final and definitive, has now superseded the default judgment as the law of the case. See for example: Frank’s Casing Crew & Rental Tools, Inc. v. Carthay Land Co., 281 So.2d 894 (La.App. 1973); Donald v. Glazer, 253 La. 811, 220 So.2d 84 (1969).
To express it differently, if the issue is approached strictly from the standpoint of the law of the case, it would appear that the final judgment must prevail. On the other hand, it appears that there must be some point at which litigation ceases and a judgment becomes unassailable, at least by the parties involved in the litigation. Approaching the issue from a standpoint of finalty of judgments, it would appear that the default judgment is unassailable and must prevail, and that all subsequent proceedings were null.
The majority opinion herein would hold that due to the passage of time beyond that at which new trial was permitted, the trial court had no authority to render a new trial. Hence the first judgment was good. But it appears to me that that same argument can be applied to the second judgment which vacated the first. In either situation, relying simply on passage of time, one is applying in effect simply a restatement of the law of the case, that is, a judgment which may be erroneous, but has not been attacked timely, becomes the law as between the parties. To me the basic fact which determines the resolution of the issues herein is the execution of the first judgment. Had the default judgment not been executed I would be of the opinion that the second judgment is the controlling judgment and would have joined with the dissenting judge in the original appeal. However, I am of the opinion that the execution of the judgment, with the time lapse of five months after execution, deprived the court of any jurisdiction over the subject matter that it had. The subsequent proceedings granting the motion for a new trial and vacating the judgment were absolutely null. By the time the motion for new trial was filed the case itself had been completely concluded; judgment had been obtained and was final; the execution took place, and the money had been collected by the judgment creditor; plaintiff was entitled to and did exercise his complete property rights in the judgment. There was nothing left before the court for it to exercise jurisdiction over.
I am particularly persuaded towards this view by those articles of the Code of Civil Procedure dealing with the action of nullity, Articles 2001, et seq. Presuming that the default judgment could have been attacked on one of the grounds enumerated in Article 2002(2) “ * * * against whom a valid judgment by default has not been taken”, and applying the penalty of loss of action provided in Article 2003, the judgment could not be annulled by a defendant “who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement”. Thus not only had new trial and appeal time passed, but the judgment could not even be attacked by a suit for nullity of judgment. See for example Guidry v. Poirot, 206 So.2d 126, (La.App.1967). At the same time, I point out that the record shows resistance to enforcement of the judgment against plaintiff.
Being of the opinion that the proceedings subsequent to the execution of the default judgment were absolutely null and that the default judgment itself was not absolutely null, I concur in the result of the majority opinion.