YARRUT, Judge.
This is a suit to recover $1850.00, with interest, alleged to be due by a surviving partner to the estate of his deceased partner, as per final settlement of the partnership affairs. The District Court dismissed Plaintiff’s suit, from which this appeal was taken.
Plaintiff is Dative Testamentary Executor of the Succession of Ernest L. Joubert, Jr. Defendant is the surviving partner and brother-in-law of deceased, who operated, prior to August 20, 1959, under written articles of partnership, a real estate and insurance business, under the name of Ernest Joubert, Realtor for 25 years. Joubert died August 20, 1959. Defendant continued the business and collected for the account of Joubert rentals on property owned by the deceased, pending the liquidation of the partnership. As provided by the partnership agreement, Defendant had an audit made of the partnership business, as of August 31, 1959, by Denis A. Barry & Co., a firm of Certified Public Accountants, which audit was attached to Plaintiff’s petition.
Barry & Co., as Defendant’s auditors, fixed deceased’s interest at $4,115.29, after first deducting debts due the partnership by deceased, as shown on the books of the partnership. This audit was rejected by Plaintiff for no reason other than it did not include the value of good-will in computing the partnership assets.
Subsequently, the parties, represented by their own respective C.P.A.’s and attorneys, after nine months of negotiating, entered into a final agreement and compromise settlement, dated July 20, 1960.
The articles of partnership provide in case of death of either partner:
“That in the event of the death of any one of the partners, the partnership *537 shall be dissolved and the share of the deceased partner shall be liquidated, its value ascertained and paid to his widow, heir, heirs, executors and administrators; * * *”.
The pertinent provisions of the agreement of settlement of July 20, 1960, and sale by the heirs, are:
“WHEREAS, all parties hereto are desirous of avoiding litigation and terminating all disputes existing between them of whatever kind or nature relative to the settlement of all matters arising out of the business of ‘Ernest Jou-bert,’ ‘Ernest Joubert, Realtor’ and ‘Ernest Joubert Real Estate and Insurance Agency.’
$1 # # * *
“1. The Sellers declare that they do, by these presents, grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver, with all legal warranties, all of their right, title and interest in and to the assets of the business known as ‘Ernest Joubert,’ ‘Ernest Joubert, Realtor,’ and ‘Ernest Joubert Real Estate and Insurance Agency,’ whose principal office is located at 1022 North Claiborne Avenue, New Orleans, Louisiana, which said firm was and is engaged in the real estate and insurance business in the City of New Orleans, including, but not limited to, the following: (Listing the items).
* * * * * *
“It is further agreed and understood that nothing herein contained shall affect the rights of Vendors herein for an accounting for rents collected on properties of the decedent and his estate.
í|s íjí jjs s|!
“This sale, transfer and conveyance, including the sale of the real estate aforesaid, is made for and in consideration of the sum of Twenty Thousand and no/100 ($20,000.00) Dollars cash, receipt whereof is hereby acknowledged by the said Sellers.”
The difference in the amount of $4,115.29, found due the deceased by Barry & Co., Defendant’s auditors, and the $20,000.00 ultimately paid by Defendant therefor, resulted from the inclusion of “good-will” as an asset, not taken into account in the first audit by Barry.
Plaintiff contends that as of August 23, 1960 the balance of monies due the Succession by reason of the Defendant’s collections on the deceased’s rental accounts to-talled $5,523.88, of which all but $1850.00 was paid; and that the written agreement of July 1960 was, in effect, a partition whereby the heirs of Ernest Joubert, Jr. sold their interest in the partnership to Defendant, which included the value of the net worth of Ernest Joubert, Jr., in the partnership business as of August 31, 1959.
Defendant contends that personal debts owed by decedent on the books of the partnership prior to his death were not considered or taken into account in the sale of the partnership assets, nor could they properly be taken into account in determining the net worth of deceased’s interest in the partnership business as of August 31, 1959, even though Defendant’s own accountant did precisely that.
In Reasons for Judgment, the District Judge stated that personal debts were not intended in the settlement, and that the amount owed by deceased as an overdraft could not be considered as an asset of the partnership. The overdraft by one partner constitutes a debt due by him to the partnership and must necessarily be an asset of the partnership, to be considered in the final settlement and adjustment of accounts between the partners. The fact that these overdrafts represent personal bills of deceased paid by the partnership, make them debts of deceased due the partnership. In fixing the liquidating interest of a partner, the amount he owes to it must be considered in the calculation, unless expressly ex- *538 eluded therefrom in the final agreement of settlement. The agreement of settlement includes in the sale “Accounts Receivable.” Certainly decedent’s debt was not an “Account Receivable” since it was paid and cancelled in the final settlement of July 20, 1960.
Furthermore, the Barry audit, made for Defendant after the death of his partner, allots, as of August 31, 1959, only $4,-115.29 to the deceased and $14,961.86 to Defendant, notwithstanding they were equal partners. This clearly shows that all debts for overdrafts, etc., due by the deceased to the partnership, were considered and liquidated at that time. Yet Defendant, in accounting for rents subsequently collected from deceased’s personal property, as provided in the settlement agreement, seeks again to charge these “settled” debts to deceased’s estate.
It is rather inconsistent that one would pay another $20,000.00 without first deducting a known, fixed and payable debt he considered due him.
Mr. Harris, C.P.A. for Defendant, testified:
“For determination of net worth, you will determine a balance of capital, you add profits, you deduct drawings, yes, sir. A balance of personal account is deducted from a capital account for determining the net worth. That’s correct.
íjí j]í í}í í¡í
“As far as I could see, they kept their rent account completely separate. Mr. Joubert was acting in two capacities, as I saw it. He was acting as his own rent collector, therefore, carrying two accounts on the books, which you might say represents a creditor to the business, in which he credited his share of the profits and charged himself with various bills. * * * ”
Further, when Mr. Harris was asked if the personal account debits against deceased were deducted from his profit on the books,, answered that they were.
The C.P.A.’s, Harris for Defendant, and McRath for Plaintiff, both testified a partner’s debts to the partnership must be considered in fixing his ultimate interest therein. Barry, though not produced as a witness by Defendant, in his audit admittedly-took into account deceased’s debts to the-partnership, when fixing deceased’s interest at $4,115.29 and Defendant’s at $14,961.-86, notwithstanding they were fifty-fifty owners of the assets.
For the above and foregoing reasons, the judgment of the District Court is reversed, and there is now judgment in favor of Plaintiff, in his capacity as Executor, and' against Defendant, in the full sum of $1,-850.00, with legal interest from judicial demand, with all taxable costs in both courts-
Judgment reversed and rendered.