GLADNEY, Judge.
The petitioners Sam Donald, Jr. and William R. Kitchens instituted this suit against Maurice Glazer to dissolve and settle the affairs of a partnership which practiced accounting in Monroe under the name of Maurice Glazer and Company from January 1, 1963 through June 30, 1964. Petitioners’ demands were accompanied by a request for the judicial sequestration of records and property of the partnership firm. By a supplemental petition the partnership Maurice Glazer and Company was named a defendant. After the court ap *177 pointed auditor Harry M. Bell completed and presented to the court his audit and report of the affairs of the partnership oppositions thereto were filed by defendants.
The issues were tried and the court rendered judgment, inter alia, declaring the partnership to have been dissolved by the will of the partners on June 30, 1964; declaring Glazer, Donald and Kitchens to be entitled to participation in the assets of the partnership in the proportion of seventy per cent (70%) to Glazer, twenty per cent (20%) to Donald and ten per cent (10%) to Kitchens; declaring the accounts receivable, the Bayou DeSiard Country Club stock, and the demands asserted in the Allen West suit to be assets of the partnership ; maintaining the writ of sequestration ; approving and homologating the auditor’s report subject to adjustments totaling $2,064.75; appointing Diehlmann C. Bernhardt as judicial liquidator and directing him to marshal the assets and liquidate and conclude the affairs of the partnership; and taxing the fee of the auditor as costs and directing that all costs be paid by the defendant, Glazer. Maurice Glazer and Maurice Glazer and Company have appealed from the judgment. Appellees have moved to dismiss the appeal as being premature and, alternatively, have answered the appeal.
Although the partnership of Maurice Glazer and Company, consisting of Maurice Glazer, as senior and managing partner, Sam Donald, Jr. and William R. Kitchens, began its association on January 1, 1963 and was dissolved by mutual agreement as of June 30, 1964, the trial court instructed the auditor, H. M. Bell, to extend his examination to cover the period from October 1, 1961 through June 30, 1964 in order to reflect the condition and affairs of the partnership as of June 30, 1964.
The association of Maurice Glazer with Sam Donald, Jr. in the accounting business began at Monroe July 1, 1957. The partnership used the name of “Maurice Glazer and Company” and practiced until November 1, 1958, when Glazer and Donald became members of Barton, Pilie, Hughes and Jones, an accounting firm with its principal' office in New Orleans and Maurice Glazer and Company was absorbed into the firm. Glazer and Donald practiced in Monroe under the title of “Maurice Glazer and Company In Association with Barton, Pilie, Hughes and Jones.” This connection continued until September 30, 1961 when Glazer and Donald withdrew and resumed practice in Monroe, again assuming the firm name of “Maurice Glazer and Company.”
Prior to membership in the New Orleans firm Glazer and Donald entered into a written contract which governed their relationship in Maurice Glazer and Company. In that partnership all fee accounts were handled on a cash basis. As partners in the New Orleans firm, partnership affairs were subject to a written agreement between the partners, and all accounts, including work in process, were handled on an accrual basis. Accounts on the accrual basis as distinguished from the cash basis import that it is the right to receive and not the actual receipt that determines the inclusion of the amount in gross income. Spring City Foundry Company v. Commissioner of Internal Revenue, 292 U.S. 182, 54 S.Ct. 644, 645, 78 L.Ed. 1200.
After the withdrawal of Glazer and Donald from Barton, Pilie, Hughes and Jones, the firm of Maurice Glazer and Co. began its operations on October 1, 1961, although a final settlement between Glazer and Donald and the remaining members of Barton, Pilie, Hughes and Jones was not reached until November 20, 1962. On that date Barton, Pilie, Hughes and Jones transferred and released to Maurice Glazer and Sam Donald, Jr. all of the property and the accounts, including work in process, originally acquired from Maurice Glazer and Company and employment generated by the Monroe office prior to September 30, 1961. At the time of their withdrawal from the New Orleans firm Glazer and *178 Donald were in debt to said firm in the sum of $22,500. A terminal agreement was reached between the parties whereby Glazer and Donald were obligated to pay said amount to the firm and release the firm from certain indebtedness of the Monroe office of Maurice Glazer and Company In Association with Barton, Pilie, Hughes and Jones, including a substantial rental claim of Allen West. Donald failed to provide his portion of the payment due the New Orleans firm and the entire burden of making such payment rested upon Maurice Glazer. As a consequence it was agreed by Donald, Glazer and the partners of the New Orleans firm that all of the accounts, including work in process generated by the Monroe office prior to October 1, 1961 should become the individual property of Maurice Glazer.
Maurice Glazer and Company In Association with Barton, Pilie, Hughes and Jones handled their banking in Monroe through an account in Central Savings and Trust Company. Upon the resumption of the partnership of Glazer and Donald the firm business of Maurice Glazer and Company opened a partnership bank account in the Ouachita National Bank in Monroe. After the establishment of this account Maurice Glazer continued the old account in Central Savings and Trust Company as his personal account. The new partnership of Maurice Glazer and Company after October 1, 1961 operated without a written agreement of partnership and all new business generated subsequent to September 30, 1961 was handled on a cash basis as was the case previously when Glazer and Donald were partners. In the handling of the bank account in the Ouachita National Bank from time to time certain collections were deposited therein which individually belonged to Glazer. Glazer on occasion also placed in the account personal funds as required for firm operating expenses. These personal funds were subsequently transferred to the bank account of Glazer in the Central Savings Bank and Trust Company.
William R. Kitchens was admitted as a partner in Maurice Glazer and Company effective on January 1, 1963. Participation of the partners was in the proportion of 70% to Glazer, 20% to Donald and 10% to Kitchens. No contract in writing between the parties was executed at the time but Glazer instructed, and Kitchens understood, that the new partnership would not be entitled to collections of any of the accounts which had been acquired by Glazer individually.
After the audit of H. M. Bell was submitted to the court, the accounting firm of Luffey and Little was employed by Maurice Glazer for the purpose of reconciling and explaining differences between the report of Bell and the accounting submitted by Maurice Glazer. Upon consideration of the Luffey and Little report with the accompanying testimony of John L. Luffey, Bell filed a supplemental report correcting and adjusting admitted errors totaling $2,064.75.
Maurice Glazer and Company and Maurice Glazer, appellants herein, have assigned error to the judgment of the trial court: In holding a share of the Bayou DeSiard Country Club stock and the demands asserted in the Allen West suit should be considered assets of the partnership; in maintaining the writ of sequestration; in approving and homologating the auditor’s reports, as adjusted; in appointing a judicial liquidator; and in taxing the fee of the auditor as cost and directing that all costs be paid by Maurice Glazer. In addition to the issues so raised the court is confronted with a motion by the appellees to dismiss the appeal as being premature and, alternatively, by answer to the appeal, requesting this court to make it clear that the judgment is interlocutory at this point, and final as to those things adjudged by the trial court.
We direct our attention first to the motion to dismiss the appeal. It is argued by appellee that the decretal portion of the judgment is not final and should await the *179 work of the judicial liquidator after which an appeal would decide all matters before the court. The record herein discloses, however, that the trial court has made factual findings which if not contested by appellants would fix guide lines for the liquidation of the partnership. Also we are of the opinion that Maurice Glazer and Maurice Glazer and Company have the right of appeal from the appointment of a liquidator; and from the denial of the motion for dissolution of the writ of sequestration. Therefore, we hold that the appeal was properly taken.
The trial judge, after examining the audits presented by Bell, Maurice Glazer, and by Luffey and Little, properly observed that there exist two principal factual areas in dispute. The first of these he characterized as the discovery by the court auditor of approximately $55,000 not reported by Maurice Glazer as partnership income accruing between October 1, 1961 and June 30, 1964. The second factual issue pertains to the ownership or entitlement as of June 30, 1964 of accounts including bills receivable and work in process.
Glazer contends the accounts purchased by him from Barton, Pilie, Hughes and Jones included as of October 1, 1961, all bills receivable and accounts as to which work was incomplete and unbilled, the latter accounts being referred to as work in process. Did the trial court err in its finding that such work in process was not purchased by Glazer from the New Orleans firm and the fees collected from such accounts became the property of the partnership of Maurice Glazer and Company after September 30, 1961 ? Consistent with the Bell audit the court concluded Glazer should have allocated some $33,649.-75 out of $55,093.10 collected by him on fee accounts to the partnerships of Maurice Glazer and Company which followed the business conducted by Barton, Pilie, Hughes and Jones. Luffey and Little undertook to trace and explain the source and disposition of 196 items constituting the $55,093.10 in fees. The testimony of Luf-fey on this point and the accounting therefor by Luffey and Little has convinced us of the correctness of their determination and error in the Bell audit with respect to the “unreported” fees. In lieu of the deficit of $33,649.75 charged to Glazer the proper deficit should be $455.70, as determined by Luffey and Little. We conclude, therefore, that the court erred in following the Bell analysis of Glazer’s fee collections and that the findings of Luffey and Little are correct.
The second factual issue pertaining to the accounts handled by the partnership as of June 30, 1964 poses the question of whether the work in process accounts shall be considered as partly owned by Donald and Kitchens as of the time of their withdrawal from the firm of Maurice Glazer and Company on June 30, 1964. The trial court held that Donald and Kitchens were partners of the firm of Maurice Glazer and Company and each possessed a proprietary interest in these unfinished accounts which should be treated as property of the partnership upon its dissolution. As hereinabove set forth, upon their withdrawal from the firm of Barton, Pilie, Hughes and Jones, Maurice Glazer and Donald reverted to a cash basis system with respect to the firm accounts under which system accounts wherein work was in process and for which a fee was not yet earned was not considered an asset or property of the partnership. This practice was followed in the Glazer and Donald associations before and after membership in the New Orleans firm, and the system was in force when Donald and Kitchens withdrew from Maurice Glazer and Company. The interests of Donald and Kitchens, therefore, may be recognized only as to partnership accounts receivable in which the work has been completed prior to June 30, 1964. They have no proprietary interest in partnership accounts on which work was in process but for which billing was premature.
Other issues presented by this appeal include the ownership of a share of stock in *180 the Bayou DeSiard Country Club which was originally purchased by Glazer long prior to his association in partnership with Donald. The claim of Donald is predicated on the fact that it was an asset of Barton, Pilie, Hughes and Jones and was transferred to Glazer and Donald through the instrument of November 20, 1962 when the association of Glazer and Donald with the New Orleans firm was finally terminated. Maurice Glazer testified this stock was never owned by the partnership of Glazer and Donald nor considered the property of said firm. In transferring the stock to the New Orleans firm Glazer stated that his agreement with the firm was that upon his separation he would be reimbursed for the stock. It is our appreciation of the testimony of Donald that he never seriously claimed an ownership interest in the stock. We therefore hold the trial court erred in holding that the partnership of Maurice Glazer and Company possessed an interest in this stock. In our opinion it must be considered the personal property of Maurice Glazer.
Further objection by appellants is made to the ruling allocating fees claimed in the demands made against Allen West in the suit styled L. Allen West v. Maurice Glazer, et al. The record indicates these demands against West involve a number of claims, some of which apparently accrued during the period when Glazer and Donald were connected with the New Orleans firm and others appear to have arisen subsequent to the withdrawal of Glazer and Donald from the New Orleans firm. After consideration of these demands, we have been unable to determine whether some or all of said claims should be held to be the property of Maurice Glazer individually or the partnership firms of Glazer and Donald and of Glazer, Donald and Kitchens. A determination of such rights should be made subject to the guide lines above set forth. Accordingly, the ruling of the court as to the demands made in the West suit is set aside and the case is remanded for consideration on this point with leave of either side to submit such evidence as will show the proprietorship of these demands not inconsistent with the views hereina-bove expressed.
It is our holding that the appointment by the court of a liquidator was proper in view of the ruling of the Supreme Court in Jeffries v. Moore, 219 La. 692, 53 So.2d 898 and Civil Code Article 2890.
Careful consideration of the reasons advanced by appellants in support of their motion for dissolution of the writ of sequestration has led us to the conclusion that a writ of judicial sequestration properly issued. It can hardly be questioned that Donald and Kitchens each had proprietary interests in the partnership property which at the time of the seizure was under the exclusive management of one of the partners. Likewise, the identity of the ownership of some of the property sequestered, whether by the partnership or by Maurice Glazer, was uncertain. During the penden-cy of the sequestration records and property were in custody of the sheriff and were available to all interested parties and we do not find that the defendants were seriously inconvenienced or suffered special damages.
Further opposition is voiced as to the assessment of costs against the defendant Maurice Glazer. With respect to this contention, it is our opinion that all court costs, including a proper accounting fee to H. M. Bell, the court-appointed auditor, should be taxed against the defendant partnership at the termination of this litigation, reserving to appellants the right to a contradictory determination of the reasonableness of the expert fee billed by Bell. In this connection since we have concluded that costs of this dissolution proceedings should be assessed against the partnership, the tenders as made by Maurice Glazer may not be considered.
The judgment from which appealed is modified: First, with respect to the ownership of the Bayou DiSiard Country Club *181 stock, judgment is now rendered recognizing the ownership of said stock by Maurice •Glazer; second, the homologation of the report of Harry M. Bell, auditor, is amended •and corrected to conform to the views set •forth in the opinion above, and third, the -taxation of costs against Maurice Glazer •is annulled and costs including the fee of •the auditor appointed by the court, Harry M. Bell, shall be taxed against the partnership Maurice Glazer and Company, reserving to appellants the right to a contradictory hearing of the reasonableness of .the auditor’s fee.
It is further ordered that the judgment of the trial court be affirmed subject to the modifications set forth in this opinion.
The case is remanded to the Fourth Judicial District Court for the Parish of Ouachita for further proceedings not inconsistent with the views hereinabove expressed. The cost of this appeal is assessed against the partnership of Maurice Gla-zer and Company.