BOUTALL, Judge.
This is a suit for the dissolution and liquidation of a partnership instituted by the joint petition of the two partners thereof, Robert D. Nelson and Eugene S. Guccione.
The trial court had previously appointed a liquidator who had filed a final account. With this account both partners disagreed and filed pleadings, each claiming certain credits and indebtedness due. The matter was referred to the Court Commissioner for hearing and a certified public accountant was appointed to assist the Commissioner. In due course the Commissioner rendered his report and the trial court rendered judgment. An appeal was taken to this court and for the reason that the liquidation of the partnership had not been completed, we remanded the matter to the trial court. (La.App., 190 So.2d 131.)
After remand, the liquidation was completed, the liquidator was discharged and his final account approved, leaving a balance of $304.07 in his account for distribution.
The merits of the claims of each of the partners were reopened and a hearing was held by the trial judge on the exceptions of both parties filed to the Commissioner’s report. The trial judge accepted and adopted the findings of fact of the Commissioner and rendered judgment in favor of Eugene S. Guccione and against Robert D. Nelson awarding Guccione the balance of the Liquidator’s account, $304.07, plus the sum of $166.12 from Nelson, assessing costs of the liquidation and the proceedings equally against both parties, and dissolving the partnership.
At this same hearing the court tried a rule to fix the fee of the Accountant ap *845 pointed to assist the Commissioner and rendered judgment fixing his fee at $2,-57S.00 taxable as costs and casting Nelson and Guccione equally for these costs.
Both parties have taken appeals from the judgments of the trial court.
The issues of these appeals are:
(1) The assessment as costs against both parties equally for the fee of the accountant;
(2) The allowance of credit for certain administrative services of Nelson performed after the partnership was terminated;
(3) The determination of certain items of credit and indebtedness between the partners during the existence of the partnership.
FEE OF THE ACCOUNTANT
During the initial phases of this proceeding, Nelson filed a petition alleging that Guccione was withholding certain funds due the partnership, used partnership funds for his own purposes, and also he claimed credits for certain services which he performed, alleging that, overall, the partnership and Guccione owed him money. Guc-cione filed a recoventional demand setting up similar claims on his behalf. The trial judge became aware that these pleadings necessitated an examination of the partnership business as well as the activities of each partner during the life of the partnership and correctly believing that the trial of these issues would take numerous trial days referred the matter to the Court Commissioner for hearing. He also appointed a certified public accountant to examine the various books, accounts and business transactions to assist the Commissioner and the court in reaching a determination of these issues.
The right of the trial court to appoint an expert and the fact that the fees of the expert shall be taxed as costs is amply supported by the provisions of Louisiana Code of Civil Procedure Article 192, which provides :
“A trial court, on its own motion or on motion of a party, may appoint persons learned or skilled in a science, art, profession, or calling as experts to assist it in the adjudication of any case in which their special knowledge or skill may aid the court.
The reasonable fees and expenses of these experts shall be taxed as costs of court.”
The fee of the expert was fixed by the court after a hearing and there is no issue raised here as to the amount of the fee, simply the issue of which party shall be cast for payment of the fee.
Nelson contends that the appointment was unnecessary because he had furnished a complete account of his own. He urges that the refusal of his partner to accept his account, together with the partner’s refusal to divulge information about partnership funds withheld and certain personal transactions, caused the appointment of the expert and thus the partner, Guccione, should be responsible for the expert fee, citing Philpot v. Patterson, 5 Mart. (N.S.) 273 (1826) and Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927). In the alternative he contends the costs should be borne by the partnership. Brown v. Bank of Minden, 167 La. 421, 119 So. 413 (1928).
Guccione contends that the appointment was necessary because of Nelson’s actions and that he alone should be responsible for the fee under the theory that the partner from whom the balance is found to be due pays the costs, citing Borah & Landen v. O’Niell, 121 La. 733, 46 So. 788 (1908).
The general rule is that the partnership should be taxed for the costs of the auditor or accountant. Signorelli v. Federico, 167 La. 5, 118 So. 482 (1928); Donald v. Glazer, 194 So.2d 176 (La.App. 2nd Cir., 1967). The case of Brown v. Bank of Minden, supra, follows this rule but indicates that where there is good rea *846 son to do otherwise another system may be used. The fee of the expert should be shared equally by the partners because his services are necessary to a proper liquidation of the partnership assets and payment of the partnership debts as well as to a distribution of the remainder to the partners.
The trial judge taxed the expert’s fee as costs and cast Nelson and Guccione equally for these costs. LSA-C.C.P. art. 1920 provides as follows:
“Art. 1920. Costs; parties liable; procedure for taxing
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any party thereof, against any party, as it may consider equitable.”
In view of the fact that the expert’s fee was fixed at the sum of $2,575.00 and there only remains $304.07 in the Liquidator’s account for distribution, it is obvious that the partnership assets are insufficient to pay the debt and that it was equitable and within the sound discretion of the trial judge to assess such costs directly against the partners equally. However, since there is a provision of law which limits the court’s discretion under Art. 1920 we must amend his judgment.
As mentioned above, the jurisprudence asserts that this is basically a partnership debt, and certainly, the partnership debts must be paid before any distribution to the partners individually. LSA-C.C. Art. 2823. For this reason we feel compelled to amend the trial court’s judgment to provide that the balance in the Liquidator’s account be paid to the accountant to be applied on his fee and that the remainder of his fee be taxed as costs and paid equally by Robert D. Nelson and Eugene S. Guc-cione.
ADMINISTRATIVE SERVICES OF NELSON
One of the larger items of dispute between the parties is the request by Nelson for certain sums allegedly due him by the partnership for certain administrative and technical work he did during the termination of the partnership, as well as keeping the books and records of the partnership.
Nelson claimed the sum of $3250.00 asserting that these services were beyond those ordinarily required of him as a partner and were necessary for the settlement of the partnership business. Opposed to this Guccione contends that part of those services were simply the usual part of Nelson’s duties as partner and the rest were for his own particular benefit in settling his affairs with Guccione, and thus not compensable.
The Commissioner found in favor of Nelson in the amount of $2045.00. The trial court, in the first judgment, did not accept the Commissioner’s finding and disallowed the credit. After remand, the trial court accepted the Commissioner’s report and rendered judgment in favor of Nelson on this particular item. We agree with this latter judgment.
The Commissioner considered this issue very thoroughly and went into detail as to his findings. An examination of the record convinces us that he was correct and the judgment of the trial court (the second) appealed from should be affirmed.
The record shows that when the partners determined to dissolve the partnership there was a considerable volume of work outstanding. It should be pointed out here that the larger portion of the business of the partnership was in the taking of school or classroom pictures of students and (hopefully) selling the pictures to the students. The profit is controlled by the amount of enlargements and re-orders sold, together with the opportunity of individual and special portraits of their children by delighted parents.
*847 The record clearly shows the work left to be performed as of November 20, 1959. In some cases, everything had to be done —delivering the proofs, retouching the negatives, having the prints made, setting up files, and notifying people when their pictures were ready. He kept separate financial records, telephone records, number of hours worked, etc. The Commissioner, after considering the evidence and the available documentary evidence computed the value of the work on a daily and an hourly basis and arrived at a value of $1545.00 chargeable as a partnership expense.
During this same period and beyond, Nelson performed certain accounting services and then closed the partnership books and prepared financial statements. The Commissioner was impressed with the effort and efficient manner in which the partnership books were kept and found that they were of great assistance to the Accountant in assisting the liquidation and settlement of the partnership.
He accordingly granted $500.00 for those services.
We are of the opinion that the court below fixed a fair value of these services in a consideration of the nature of the work, the time spent and the skill used. The record shows that the work involved was not merely that of a partner performing partnership duties but that his efforts were directed toward carrying on the business that additional profits may be earned for the former partnership’s benefit. Had he not put aside his own business to handle these matters for the partnership, someone else would have had to be employed to do so, or the contracts assigned to another photographer, with a resultant loss of the profits realized. Bracht v. Connell, 313 Pa. 397, 170 A. 297 (1933).
We find no jurisprudence in Louisiana determinative of this issue but it does appear that this ruling is consistent with the general jurisprudence relative to the appointment of a receiver to wind up the affairs of the partnership. The general rule seems to be that the appointment of a liquidator rests in the sound discretion of the court to be exercised or not as the circumstances of each case seem to demand. Pratt v. McHatton, 11 La.Ann. 260 (1856); McNair v. Gourrier, 40 La.Ann. 353, 4 So. 310 (1888) ; Buhr v. Levy, 2 Orleans App. 47 (1904). For opposing results, see for example: In Re Liquidation of Mitchell— Borne Const. Co., 145 La. 379, 82 So. 377 (1919) and Meyer v. Meyer Bros., 116 La. 456, 40 So. 794 (1906). The controlling factor is the preservation of the partnership assets and the protection of the rights of the partners as their interest may appear.
In this regard, we refer to the case of Donald v. Glazer, supra, holding proper the appointment by the court of a liquidator to dissolve and settle the affairs of a partnership which practiced accounting. In that case, on appeal after remand, 253 La. 811, 220 So.2d 84 (1969) the Supreme Court maintained a prior decision of the Court of Appeal, 194 So.2d 176, that the interest of several of the partners may be recognized as to partnership accounts receivable in which the work was completed prior to the dissolution date of the partnership and to various percentages of incom-pleted work. Under this rationale, certainly the efforts of Nelson, to complete the business undertaken and bring more income into the partnership as well as to preserve that collected prematurely, deserve remuneration.
THE ACCOUNTING BETWEEN THE PARTNERS
There were a great number of disputes between the partners as to the liability of each for certain debts, the ownership of certain assets, withholding of partnership funds and improper disbursement of partnership funds. Nelson complains that Guc-cione has not borne the burden of proof in this regard because his testimony is largely uncorroborated by other evidence and in *848 certain instances Guccione has failed to call as a witness the person to whom the money was paid or with whom the transaction took place. In some instances he complains because a witness who was called, was not asked questions which may be determinative of the issue. We see no reason to enumerate in detail the numerous items.
Suffice it to say that the dispute between the parties progressed over a period of 10 years. By the time of the hearing appealed from, both parties had access to all of the evidence available to substantiate their positions. Guccione did not enjoy any relationship to the persons with whom he did business such as to raise an obligation on his part to produce them as witnesses under the rationale of Bates v. Blitz, 205 La. 536, 17 So.2d 816 (1944). They were equally known and available to Nelson if he wished to call them as witnesses.
As to the witnesses called, Nelson had a perfect right .to cross-examine them to ascertain such answers as he thought pertinent to the case. If a witness is not asked a particular question, the result is simply that he presents no evidentiary value to the court to be considered, not that he is presumed to testify adversely.
The Commissioner had before him the testimony of the two partners and several other witnesses. He had the assistance of a certified public accountant to analyze the various claims and report on each in great detail. His findings went into detail on each item and were carefully considered by the trial judge who rendered judgment accepting the Commissioner’s report. We have examined this rather voluminous record with equal thoroughness. We can find no manifest error therein. It cannot be expected that each item of contention in a business such as this be proven with complete positiveness. Our law does not so require. It is sufficient that there simply be a preponderance of the evidence to decide an issue, and where there is conflicting testimony the trial court has the discretion to decide on the credibility of the testimony received. He has not abused that discretion.
CONCLUSION
We are of the opinion that the judgment of the trial court should be affirmed, with the exception of the amendment heretofore discussed.
Therefore, we amend the pertinent parts of the judgment as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of Eugene S. Guccione and against Robert D. Nelson in the sum of $470.19, plus interest from date of judicial demand until paid; that the fee of Allen B. Koltun be set at the sum of $2,575.00; that this amount be taxed as costs; that he be entitled to receive the amount which remained in the Liquidator’s account in the sum of $304.07 and that for the balance of his fee Robert D. Nelson and Eugene S. Guccione be cast equally.
Costs of this appeal are assessed against Robert D. Nelson.
Amended and affirmed.
TAYLOR, J., absent because of illness, takes no part in the opinion.