MARVIN, Judge.
In this action for the dissolution and liquidation of a partnership, the defendant appeals the judgment homologating the court appointed liquidator’s report and awarding judgment in favor of the plaintiff in the amount of $58,565 for amounts converted from the partnership. We affirm.
The partnership was formed for the purpose of engaging in the fast food business. Two restaurants were eventually opened, first in Winnfield and later in Jonesboro. Both partners initially contributed to the partnership capital. Plaintiff provided his experience in this type business. Defendant actually managed the restaurants. The partners agreed to divide the profits equally and that defendant was to be paid a salary for her managerial duties. The plaintiff sued for dissolution, alleging mismanagement of the business and conversion of cash by the defendant. The trial court dissolved the partnership and appointed an auditor-liquidator.
Admittedly the books of the partnership did not reflect the true earnings. The only recorded transactions were those that also went through the bank. No cash transactions were shown on the books. The gross revenue recorded in the books was based on the daily deposit slips of each business. Cash register tapes were thrown away every day once the deposit was made. Because there was no way to verify whether the daily deposit slips reflected the true revenue, the auditor-liquidator calculated what the gross revenue should have been, using the quantity of chicken purchased and the retail sales price of that chicken. This revealed a discrepancy of $161,798 between the books and the calculated figure. The trial judge pared this figure down to $121,-181 by subtracting cash paid as wages to employees, cash wages paid to the defendant, and cash distributions to the partners that were shown by the testimony at trial. These changes were reflected in the homol-ogated report.
The defendant assigns as error the trial court’s homologation of the auditor-liquidator’s report. She complains that the methods used by the auditor-liquidator overlook spoilage, employee theft, cash purchases of supplies, cash wages and cash distributions to the partners. The record shows that the trial judge considered and deducted from the calculated revenue cash wages to employees, cash wages to the defendant, and cash distributions to the partners, to the extent that these items were shown by testimony at the trial. While defendant’s counsel did point out that the auditor-liquidator’s report did not take into consideration spoilage, employee theft and cash purchases of supplies, defendant introduced no evidence to show how these amounts could be calculated or what they average in comparable businesses in the fast food industry.
*515 Under these circumstances, a trial judge cannot consider factors or reductions not supported by some evidence. The trial judge in this case gave the defendant every reduction suggested by the testimony and other evidence.
At appellant’s cost, the judgment is AFFIRMED.