FORET, Judge.
This is a suit for an accounting of partnership assets brought after the dissolution of the partnership. Plaintiff, Curtis Manning, filed suit against defendants, Linda S. Manning and her husband, John E. Manning. After trial on the merits, the trial court found that the partnership had no assets at the time of the dissolution and, therefore, no accounting was necessary. Plaintiff has appealed.
The sole issue before us on appeal is whether, at the time of the partnership’s dissolution, there were partnership assets in excess of the partnership’s liabilities to non-partner creditors.
FACTS
Plaintiff, Curtis Manning, entered into an oral partnership agreement with his sister-in-law, Linda S. Manning, on December 15, 1982. The object of the partnership was the management of a convenience store located on Highway 1 Bypass, just outside of Natchitoches, Louisiana. Defendants, Linda Manning and her husband, John E. Manning, owned the building in which the partnership business was operated. At the time the oral partnership agreement was entered into, a written lease was executed between the partnership and the owners of the building, Linda and John Manning. The lease was for a term of one year and provided for monthly rentals of $4,000. Testimony, however, showed that the parties to the lease subsequently agreed to reduce the monthly rental to $3,400 per month.
Under the partnership agreement, the partners, plaintiff and defendant Linda Manning, agreed that plaintiff would manage the store and receive a $300 per week salary. It was also agreed that the profits and losses would be divided between the two on a fifty-fifty basis. Initially, both parties contributed $8,000, which was used to stock the store. During the first year of operation, each partner contributed an additional sum of money to the partnership.
Sometime after the partnership began to operate the convenience store, defendants became unhappy with plaintiff’s management of the store. There were disagreements and, on February 15, 1984, an argument between plaintiff and defendant, John E. Manning, resulted in the termination of the partnership.
PARTNERSHIP ASSETS AT THE TIME OF DISSOLUTION
When partnership assets are divided, all secured and unsecured creditors take preference over non-creditor partners. Only if there are assets remaining after such creditors have been paid are the non-creditor partners entitled to an accounting. LSA-C.C. art. 2833. In the present case, neither partner was a creditor of the partnership. Therefore, since the sum of the partnership’s liabilities to creditors was greater than the value of the tangible assets of the partnership, it would appear that there was nothing to distribute to the partners on the partnership’s dissolution.
Plaintiff, however, attempted to demonstrate, through the testimony of Dr. Earl Thames, a professor at Northwestern University in Natchitoches, that the partnership had a value of $57,651 at the time of its dissolution, based on its ability to generate earnings in the future. The trial court, however, rejected Dr. Thames’ testimony, finding it “too theoretical and not based on sound business practices.” The trial court found the opinion of defendants’ *805 expert, Terry Wall, an owner and operator of a number of convenience stores, more persuasive. In doing so, the trial court properly exercised its discretion to weigh the testimony before it. See In re Nelson, 256 So.2d 843 (La.App. 4 Cir.1972).
Mr. Wall testified that the partnership’s convenience store operation had not been profitable and would not be profitable in the future based on its past operating history. Mr. Wall’s testimony was bolstered by the partnership’s 1983 tax return which showed a loss for that year of $197.54.
Dr. Thames arrived at the profit figures he testified to only by using a figure for the monthly rental of the premises which was substantially less than the $3,400 that the partnership was actually paying. Dr. Thames claimed that this reduced figure ($2,760) was the fair rental value for the type of property involved. No claim, however, was made that the amount of rent agreed to under the lease was unfair in the sense that it was tainted by fraud, overreaching, or bad faith. In fact, the monthly rentals of $3,400 paid under the lease equaled defendants’ monthly costs associated with their ownership of the building, i.e., their monthly note payments and insurance premiums. Dr. Thames’ decision to use a reduced figure for the monthly rentals was not justified and did not reflect the true financial situation of the partnership. The trial court found, and we agree, that plaintiff failed to show that the partnership had any potential for future earnings at the time of its dissolution.
More importantly, Dr. Thames’ valuation of the partnership based on its potential future earnings from the operation of the convenience store was irrelevant because, simply put, the partnership’s business had no future. The one-year term of the partnership’s lease on the store premises had expired on December 15, 1983. After that time, the partnership’s lease of the premises was one from month to month and defendants had the right to terminate it at the end of any month simply by giving notice. This was the situation at the time of the dissolution of the partnership. In light of the dispute between plaintiff and defendants, the defendants clearly did not intend to allow the partnership to continue to lease the store premises. Testimony that the partnership had some value based on its future earning potential ignored the real situation of the partnership which clearly demonstrated that it had no such potential.[1] At the time of the partnership’s dissolution, its liabilities exceeded its present assets and there was nothing to be accounted for.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by plaintiff-appellant.
AFFIRMED.

. At this time, it is not necessary, and, therefore, we do not address the underlying question of whether, or under what circumstances, a partnership’s future earning potential is an asset which can be distributed among the partners on the partnership’s dissolution.