SEXTON, Judge.
The plaintiff, Jackson B. Davis, a seizing creditor of David W. Moore’s partnership interest in Trio Building Company (Trio), appeals a trial court judgment which found that Moore’s interest in that partnership was of no value. Trio has filed a motion to dismiss the appeal as moot. We pretermit consideration of the motion to dismiss the appeal and affirm the judgment.
On April 23, 1986, Davis received by assignment from PPT, Inc. three judgments that PPT, Inc. had obtained against Moore. Only one of those judgments, for $37,-754.91 plus interest, costs, and attorney fees, remains unpaid. In order to satisfy this judgment, Davis initiated garnishment proceedings in the suit in which the judgment had been obtained, No. 313,852 on the docket of the First Judicial District Court of Caddo Parish, Louisiana, in order to seize Moore’s interest in Trio. This seizure was perfected on May 8, 1986. Moore had a 15.5 percent interest as a limited partner in Trio. Trio’s response to the garnishment interrogatories denied that Trio had any property of David W. Moore and further stated that Moore’s interest in the partnership was insufficient to satisfy the writ.
*16 As a result, the instant lawsuit was brought by plaintiff to determine the value of Moore’s interest in the partnership and award Davis such an amount not to exceed the amount of Moore’s indebtedness to Davis.
Following a bench trial, the trial court found that Moore’s interest in Trio as of May 6, 1986,[1] was without value. The trial court found that the partnership had actual assets of $1,187,381.00 and actual liabilities of $575,000.00, leaving a net fair market value of $612,381.00. The trial court noted its concern that the fair market value of the partnership was determined without considering as liabilities each partner’s outstanding capital accounts. Nevertheless, the trial court found that this did not affect the ultimate result. Further, the trial court specifically noted that it did not consider alleged litigious rights of the partnership in assessing value. The trial court found no evidence that the partnership has or intends to pursue such litigation. Therefore, they could not be considered an asset.
The trial court noted that it considered it appropriate in determining value to calculate Moore’s interest as if he had withdrawn as a partner at the time of seizure. The trial court found that if Moore had withdrawn as a partner on May 6, 1986, he would have been paid his capital account balance in addition to his percentage of the fair market value of the partnership, less any amounts owed by Moore to the partnership.
The trial court found that Moore’s 15.5 percent interest in the partnership’s $612,-381.00 fair market value would be $94,-916.06. Adding that figure to Moore’s capital account balance of $52,047.00, the value of Moore’s interest in the partnership was found to be $146,963.06. However, the trial court noted that Moore had taken excess advances of $141,946.00 from the partnership. Adding that figure to $481,-200.00 in loans owed by Moore to the partnership, Moore ended up in debt to the partnership. As the advances and loans were far greater than $146,963.06, Moore’s interest in the partnership was found to have a negative value. ' As Davis could have no greater interest than that held by Moore, the trial court dismissed plaintiff’s demands. Davis appeals that judgment.
At the outset, we note Trio’s motion to dismiss the appeal. Subsequent to the instant devolutive appeal, Trio obtained an order dismissing the earlier seizure in No. 313,852, the suit in which Moore’s partnership interest was actually seized. Thus, Trio argues that the appeal is moot because plaintiff is no longer a seizing creditor. Because of the result we reach, we preter-mit this issue.[2]
We turn now to the merits of plaintiff’s appeal. Moore’s interest in the Trio partnership ceased retroactive to the date of seisin when plaintiff seized his interest and the writ of seizure was not released within 30 days. LSA-C.C. Art. 2819. Plaintiff, as seizing creditor, is entitled to the value of Moore’s share in the partnership as of the date Moore’s membership ceased. LSA-C.C. Art. 2823. The instant lawsuit sought a judicial determination of the value of Moore’s interest in Trio as of that date and a judgment ordering its payment as provided in LSA-C.C. Art. 2825. The issue on appeal is whether the trial court was in error in its valuation of Moore’s partnership interest.
Plaintiff does not contest the trial court’s valuation of the partnership’s net fair market value nor the trial court’s valuation of *17 Moore’s 15.5 percent interest therein.[3] Rather, plaintiffs initial argument is that the trial court erred in reducing the value of Moore’s interest in the partnership by the excess advances to Moore and the debts incurred by Moore and owed to the partnership.
Plaintiff initiated garnishment proceedings to seize Moore’s interest in Trio. A garnishing creditor, such as plaintiff, acquires no greater right against the garnishee, here Trio, than the judgment debtor, Moore, would have had if he had sought recovery directly against the garnishee. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3rd Cir.1982); Board of Trustees of East Baton Rouge Mortgage Finance Authority v. All Taxpayers, 361 So.2d 292 (La.App. 1st Cir.1978). If Moore had withdrawn from the partnership and sought compensation for his interest in the partnership, the debts owed by Moore to Trio would properly be considered as offsets in calculating his interest in the partnership. Herques v. Houma Medical and Surgical Clinic, 518 So.2d 1119 (La.App. 1st Cir.1987); Joubert v. Scivicque, 154 So.2d 535 (La.App. 4th Cir.), writ refused, 244 La. 1022, 156 So.2d 227 (1963). Accordingly, as plaintiff has no greater rights against Trio than Moore would have had, the trial court properly offset the excess advances and debts of Moore in calculating his partnership interest.
We reject plaintiff's position that compensation was inapplicable to offset the debts owed by Moore against his interest in the partnership. Compensation takes place by operation of law where two persons owe to each other liquidated and presently due sums. The result is to extinguish both obligations to the extent of the lesser amount. LSA-C.C. Art. 1893; Sims v. Hays, 521 So.2d 730 (La.App. 2d Cir.1988). Here the indebtedness of Moore to Trio was represented by notes payable on demand and for an undisputed sum. Contrary to plaintiff’s argument, the obligation was both liquidated (for the undisputed sum) and presently due (on demand) and thus properly susceptible to compensation when considered in conjunction with Trio’s obligation to pay the extent of Moore’s partnership interest.
Plaintiff’s argument, based on LSA-C.C. Art. 1899, that, as a third party, compensation cannot take place to his detriment is incorrect. LSA-C.C. Art. 1899 provides:
Art. 1899. Rights acquired by third parties
Compensation can neither take place nor may it be renounced to the prejudice of rights previously acquired by third parties.
Comment (b) to that article states:
(b) Under this Article, if a creditor of the obligee seizes the obligation while the object of performance is still in the hands of the obligor, the latter may not claim compensation if he subsequently becomes a creditor of his obligee. See C.C. Art. 2215 (1870).
Here, Trio, the party seeking to assert compensation, did not become a creditor of Moore subsequent to the seizure by plaintiff, the third party. Rather, Moore’s obligation to Trio preexisted the seizure of Moore’s partnership interest by plaintiff. Accordingly, compensation in the instant case did not occur to the prejudice of rights previously acquired by a third party and LSA-C.C. Art. 1899 is therefore inapplicable. The trial court properly applied compensation to offset the debts and advances to Moore against his interest in the partnership.
Plaintiff’s next argument is that the $481,200.00 loan attributed to Moore was actually a debt owed by David Moore Development Company (DMDC), a separate entity from Moore personally and the general partner in the Trio partnership. Plaintiff thus argues that this debt should not have been applied to reduce Moore’s interest in the partnership. The evidence does *18 not support plaintiffs claim. Trio loaned this sum to Moore personally. Although Moore immediately loaned the same amount of money to DMDC, as to Trio, Moore remained the debtor. The trial court correctly applied this debt to reduce Moore’s interest in the partnership.
Finally, plaintiff argues that the trial court erred in not considering as an asset of the partnership certain alleged litigious rights[4] of the partnership. These rights allegedly stem from the pledging of certificates of deposit of the partnership by Moore to secure debts of DMDC. The certificates of deposit were pledged to several area banks. Plaintiff alleges that Trio could sue the banks for a return of the collateral.[5] Plaintiff thus argues that the partnership’s fair market value should include the value of these alleged litigious rights.
In valuing a partnership’s assets and liabilities, a trial court should not consider factors or reductions which are not supported by some evidence. See Fanning v. Chick-A-Dilly of Winnfield and Jonesboro, 428 So.2d 513 (La.App. 2d Cir.), writ denied, 434 So.2d 1094 (La.1983). The burden of proving the value of these so-called litigious rights was on the plaintiff. Cf. Manning v. Manning, 491 So.2d 803 (La.App. 3rd Cir.1986) (plaintiff-partner seeking accounting bore burden of proving value of partnership’s future earning potential); Winston v. Bourgeois, Bennett, Thokey and Hickey, 432 So.2d 936 (La.App. 4th Cir.1983) (withdrawing partner bore burden of proof as to partnership’s profits).
Plaintiff presented no evidence that Trio nor any of the remaining partners either had any previous or future intention of filing suit against the banks. Nor did plaintiff present any evidence that Trio would likely recover in a lawsuit against the banks if one were initiated. In light of the speculative and uncertain nature of these alleged litigious rights, we find no error in the trial court’s refusal to list them as an asset of the partnership.
For the above and foregoing reasons, we affirm the judgment appealed from at plaintiff’s cost.
AFFIRMED.

. It is. unclear why May 6, 1986, was the date upon which Moore’s interest in the partnership was determined. May 8, 1986, was actually the date Moore’s partnership interest was seized. Nevertheless, there is no evidence that Moore’s interest in the partnership varied from May 6 to May 8. Any error in assessing the value of Moore's partnership interest on May 6 would appear to be harmless.

. This motion raises some interesting questions. Plaintiffs right to the value of Moore’s interest in the partnership is predicated upon plaintiffs status as a seizing creditor. LSA-C.C. Art. 2823. It can be argued, however, that plaintiff nevertheless has a continuing interest in determining the value of Moore's former interest in the partnership, even though the seizure may have been technically released. LSA-C.C. Art. 2819.

. Although Trio argues that the trial court was in error in its initial calculations regarding Moore's interest in Trio, in light of our ultimate conclusion, we find it unnecessary to address this issue.

. We note that as these rights did not involve pending litigation, they were not technically litigious rights. LSA-C.C. Arts. 2653, 3506(18). Nevertheless, these rights could have value and thus may have been an asset of the partnership.

. The suits would apparently be based on the theory that Moore exceeded his authority as a partner in pledging the partnership’s property and that the banks were negligent in failing to investigate this authority.