| | | |
|---|---|---|
| **ROBERT ANDREW SCHIFF AND N.O.W. PROPERTIES, L.L.C.** | * | **NO. 2019-CA-0334** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **LIDIA POLLARD** | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-06056, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

*LOBRANO, J., CONCURS IN THE RESULT*

Henry A. King
Timothy S. Madden
Nicole M. Babb
KING & JURGENS
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170

    COUNSEL FOR PLAINTIFF/APPELLANT

W. Patrick Klotz
KLOTZ & EARLY
909 Poydras Street, Suite 2950
New Orleans, LA 70112

Mark P. Glago
Jatavian L. Williams
Katherine E. May
THE GLAGO LAW FIRM, LLC
909 Poydras Street, 29th Floor
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

       **REVERSED**

**SEPTEMBER 12, 2019**

This devolutive appeal arises from a garnishment proceeding initiated by the appellee Lidia Pollard against the appellant Schiff Family Holdings, LP a Nevada limited partnership of which Robert Schiff is a member. The garnishment proceeding is an attempt to collect on a judgment rendered in favor of Ms. Pollard and against Robert Schiff, her former business partner in N.O.W. Properties, L.L.C. After review of the record and arguments of the parties in light of the applicable law, we find that the district court erred when, through garnishment under a writ of *fieri facias*, it ordered the New Orleans Sheriff to seize partnership assets of the non-resident third person garnishee, Schiff Family Holdings Nevada Limited Partnership (the Partnership Garnishee) located in Nevada in the amount of $54,446.22, plus 6% Sheriff's commission, interest, and court costs to fully satisfy a Louisiana money judgment against a non-resident limited partner, Robert Andrew Schiff (the Judgment Debtor), as requested by the judgment creditor, Lidia Pollard (the Judgment Creditor).

***Relevant Facts and Procedural History***

In the aftermath of Hurricane Katrina, Ms. Pollard, a Louisiana resident and real estate renovator, and Mr. Schiff, a non-resident of Louisiana and real estate

investor, entered into a limited liability partnership (N.O.W. Properties, L.L.C.) with the intention to purchase, renovate, and sell properties. The business venture failed, resulting in a successful breach of contract lawsuit filed by Ms. Pollard wherein judgment was rendered on August 2, 2013, in favor of Ms. Pollard and against Ms. Schiff and N.O.W. Properties, L.L.C. Mr. Schiff appealed the district court judgment and, while the appeal was pending, filed an action in district court to nullify the judgment. On appeal, this court amended the judgment and, as amended (awarding Ms. Pollard a total amount of $684, 824.73), affirmed the district court judgment. *Pollard v. Schiff,* 2013-1682, 2014-0853 (La. App. 4 Cir. 2/4/15), 161 So.3d 48.

After Mr. Schiff's nullity action was defeated, Ms. Pollard (the prevailing party) filed a motion for attorney fees and costs on September 12, 2017. The district court awarded $54,466.22, plus interest, Sheriff's commission, and costs, against Mr. Schiff to Ms. Pollard, the judgment creditor. In an effort to collect on this judgment, Ms. Pollard sent garnishment interrogatories to the Schiff Family LP in Nevada. Barbara Schiff, a member of the Schiff Family LP, timely answered the interrogatories, denying that the Schiff Family LP had any of Robert Schiff's property in its possession. Ms. Pollard filed a Motion to Traverse Answers to Garnishment Interrogatories, asserting that Mr. Schiff was a limited partner in the Schiff Family LP and, therefore, Schiff Family LP was in possession of Mr. Schiff's property and subject to garnishment.

At the district court hearing on Ms. Pollard's motion, counsel for the Schiff Family LP asserted that the Schiff Family LP could not be subject to garnishment proceedings because Mr. Schiff's partnership interest in the Schiff Family LP did

not entitle him to automatic or mandated disbursements and he had received no disbursements since the filing of Ms. Pollard's garnishment proceeding.[1]

In response, Ms. Pollard submitted a copy of the Schiff Family LP 2017 tax return indicating a capital balance of $20,443,000.00 and that Mr. Schiff held a 2.67% partnership interest in the Schiff Family LP. Based on this evidence, the district court entered a judgment on November 13, 2018, granting Ms. Pollard's Motion to Traverse and ordering the Schiff Family LP to pay the total amount of $54,446.22, plus 6% Sheriff's Commission, plus interest and court costs.

The Schiff Family LP now appeals this judgment, arguing that it was error for the district court to (1) award a judgment over a non-Louisiana resident when it lacked personal jurisdiction over the non-Louisiana resident: (2) find that Ms. Pollard established that the Schiff Family LP was in possession of property belonging to Mr. Schiff; and (3) find that Mr. Schiff's partnership interest in the Schiff Family LP was sufficient to satisfy the judgment in full.

*Discussion*

First, it is axiomatic that an appellate court does not address an issue raised for the first time on appeal. Uniform Rule, Courts of Appeal, Rule 1-3; *see also Williams v. Doctors' Hosp.of Shreveport, Inc.,* 39,609, p. 3 (La. App. 2 Cir. 5/11/05, 902 So.2d 1187, 1189. ("[T]he question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal; the issue should be raised in a suit to annul judgment.") Because the issues of personal jurisdiction and/or service were never properly raised in the district court, this court will not consider those issues on appeal.

---

[1] Counsel also stated that he was making a limited appearance to contest the district court's jurisdiction in this matter over the Nevada LP but, notably, no pleading was filed nor was the issue argued in court.

3

With regard to the issue of whether Ms. Pollard established that the Schiff Family LP was in possession of Mr. Schiff's property for purposes of garnishment and whether his interest in the family partnership was sufficient to satisfy the judgment, Ms. Pollard alleges that at the time of garnishment in July 2018, the Schiff Family LP possessed property belonging to Mr. Schiff in the form of an annual partner distribution and that, based on the 2017 tax form, Mr. Schiff partnership interest was worth $450,000.00 and, thus, clearly enough to satisfy the judgment. In response, the Schiff Family LP maintains that it did not possess or control any property belonging to Mr. Schiff nor did it owe any indebtedness to him at the time it was served with garnishment interrogatories.

Counsel for both parties base their arguments before this court, as they did before the district court, on Louisiana law. Although Louisiana law allows for the seizure of a partner's partnership interest through a writ of execution pursuant to La. Civ. Code art. 2819,[2] Louisiana partnership laws do not apply to a Nevada partnership. Moreover, under Nevada law membership interests in limited partnerships are afforded a significant level of protection from claims of creditors

---

[2] "Under the Louisiana Civil Code articles pertaining to partnerships, a creditor of a partner may seize the partner's interest in a Louisiana partnership, terminate the partner's interest, and be paid an amount equal to the value of the interest as of the time of seizure." *Channelside Servs., LLC v. Chrysochoos Grp., Inc.*, 2015-0064, p. 17 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 761 (citing La. Civ. Code arts. 2819 & 2823; Kalinka, 9 La. Civ. L. Treatise § 1:44). Specifically, "[a] partner ceases to be a member of a partnership if his interest in the partnership is seized under a writ of execution and is not released within thirty days. The cessation is retroactive to the date of seizure." La. Civ. Code art. 2819. "[T]he seizing creditor is entitled to an amount equal to the value that the share of the former partner had at the time membership ceased." La. Civ. Code art. 2823. "If a partnership continues to exist after the membership of a partner ceases, unless otherwise agreed, the partnership must pay in money the amount referred to in Article 2823 as soon as that amount is determined together with interest at the legal rate from the time membership ceases." La. Code Civ. Proc. art. 2824. "If there is no agreement on the amount to be paid under Articles 2823 and 2824, any interested party may seek a judicial determination of the amount and a judgment ordering its payment." La. Code Civ. Proc. art. 2825. *See generally Davis v. Trio Bldg. Co.*, 607 So.2d 14 (La. App. 2d Cir. 1992)(illustrating garnishment procedure and judicial determination of limited partner's interest).

4

through the charging order mechanism. Thus, the district court lacked authority under Article 2819, applicable to Louisiana partnerships, to order seizure of the non-resident Judgment Debtor's interest in a non-Louisiana partnership or to order payment of its value. Accordingly, it was legal error for the district court to order the out-of-state Schiff Family LP to pay a Louisiana judgment from the partnership interest of Mr. Schiff through garnishment proceedings under a writ of *fieri facias*. We note, however, that collection procedures exist under Nevada law that allow for the seizure or the placing of a charging order on Mr. Schiff's partnership interest. Specifically, pursuant to Nevada law, Ms. Pollard may petition to make her Louisiana judgments executory and seek a charging order on Mr. Schiff's partnership interest. *See generally* Nev. Rev. Stat. § 17.330 *et seq* ("Uniform Enforcement of Foreign Judgments Act"); Nev. Rev. Stat. §88.535.[3] Charging orders against a judgment debtor's partnership interest may continue in effect and can affect the distributional interest of a partner, thereby allowing a creditor to pursue the collection of distributions. [4]

*Conclusion*

The district court judgment is reversed.

**REVERSED.**

---

[3] *See* article for discussion on creditors' remedies as to a partner's partnership interest Stein, Building Stumbling Blocks: A Practical Take on Charging Orders, 2006 WL 2942974, http://lataxlawyers.com/uploads/general/Article_A_Practical_Take_on_Charging_Orders_2006_September_October.pdf; *Cf.* Susan Kalinka et al., Limited Liability Companies and Partnerships: A Guide to Business and Tax Planning, 9 La. Civ. L. Treatise § 1:44 (4th ed. 2018).

[4] If, however, a partnership stops all distributions pursuant to the partnership agreement, a creditor has no ability to force distributions.